(No. 13079.—Reversed and remanded..)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY W. PETRIE, Plaintiff in Error.

*Opinion filed October 23, 1920.*

1. CRIMINAL LAW—*when record may be amended to show grand jury was sworn.* A cause may be continued to enable the Attorney General to have the record amended to show that the grand jury was sworn as of a certain date, where the record of the court shows that on the day following said date, which was in the term at which the conviction was had, the grand jury, "chosen and sworn as aforesaid," made their report in open court.

2. SAME—*record should show defendant was instructed as to consequences of pleading guilty.* A judgment of conviction on a plea of guilty cannot be sustained where the record contains no reference to the explaining of the consequences of such plea.

3. SAME—*amendment of the record after term must be based upon official memorandum.* The record in a criminal case may be amended after the term at which it was made, but the amendment must be based upon some official or *quasi* official note or memorandum remaining in the files of the case or upon the records of the court, and not upon recollection of the judge or other person nor upon *ex parte* affidavits or testimony after the event has occurred.

4. SAME—*reporter's notes cannot be made basis for amending record after term.* It is not the statutory duty of the shorthand reporter to keep notes for the judge or memoranda from which the clerk may subsequently write up the record proper, and the reporter's notes, supported by his affidavit, cannot be made the basis for amending such record after the term.

CARTER and THOMPSON, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of DuPage county; the Hon. MAZZINI SLUSSER, Judge, presiding.

G. BERNHARD ANDERSON, GEORGE F. ANDERSON, GUSTAV E. BEERLY, and CHARLES P. R. MACAULAY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, CHARLES W. HADLEY, State's Attorney, and FLOYD E. BRITTON, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

On a plea of' guilty to an indictment charging abduction Henry W. Petrie was sentenced by the circuit court of DuPage county, at the January term, 1918, to serve an indeterminate term in the penitentiary and has sued out a writ of error to reverse the judgment.

The errors · assigned include one that the grand jury which returned the indictment was not sworn, and another that the court neglected· to explain to the plaintiff in error the consequences of the plea of guilty.

The cause was continued to enable the Attorney General to have the record amended, and at the January term, 1920, of the circuit court the record of the empaneling of the grand jury was amended by inserting therein as of January 16, 1918, the words: "The said grand jurors are duly sworn and charged by the court according to law." The record of the court showed the following on the 17th day of January: "Now on this day comes the said grand jury, . chosen and· sworn as aforesaid, into open court and make final report of their proceedings," etc. This recital of the previous swearing of the grand jury was a sufficient basis ·for the court's correcting the record, if any correction was necessary, in the way it did, as to the empaneling of the grand jury.

The original record of the defendant's sentence shows that on March 2, 1918, he withdrew his plea of not guilty, and "being arraigned for plea says that he is guilty as to abduction as charged in the indictment herein. And now neither the said defendant, nor his counsel. for him, say anything further why the judgment of the court should not now be pronounced against him on the plea of guilty heretofore entered in this cause, therefore it is ordered and adjudged by the court" that the defendant be sentenced to an indeterminate term of imprisonment in the penitentiary. The circuit court ordered this entry amended by inserting after the plea of guilty the words: "And the court there-

upon duly instructed and admonished said defendant, Henry W. Petrie, according to law, as to the consequences of his plea, and upon being so instructed and admonished the said defendant, Henry W. Petrie, persisted in his plea of guilty." The record as originally made containing no reference to the explaining of the consequences of his plea of guilty to the defendant was insufficient to sustain the judgment. (*Krolage* v. *People,* 224 Ill. 456; *People* v. *Harney,* 276 id. 236.) There was no minute or memorial paper upon which the court based this amendment. It was founded wholly upon an affidavit of the court reporter, together with a transcript of his notes taken at the time the plaintiff in error was sentenced. In *Hubbard* v. *People,* 197 Ill. 15, we held that the record in a criminal case may be amended after the term at which it was made but that the amendment must be based upon some official or *quasi* official note, memorandum or memorial paper remaining in the files of the case or upon the records of the court and not upon the recollection of the judge or other person or upon *ex parte* affidavits or testimony after the event has occurred. It was also held that it is not the duty of the shorthand reporter to keep notes for the judge, or memoranda from which the clerk may subsequently write up the record; that his notes, therefore, cannot be made the basis for amending the record, and that his affidavit is of no more force for that purpose than that of any other bystander.

Other errors assigned and argued on behalf of the plaintiff in error have been decided against his contentions in *People* v. *Doras,* 290 Ill. 188, and *People* v. *Connors,* 291 id. 614.

The amendment of the record in regard to the explanation of the consequences of the plea of guilty was not authorized. For the failure of the record to show that the consequences of his plea were explained to the defendant the judgment is reversed and the cause will be remanded.

*Reversed and remanded.*

Mr. JUSTICE CARTER, dissenting:

I do not agree with the conclusion reached in the fore-
going opinion. It is such an important question that I de-
sire to express my views, in some detail, on the subject.

This court has discussed a similar question in *Chicago,
Milwaukee and St. Paul Railway Co.* v. *Walsh,* 150 Ill.
607. That case had under consideration the propriety of
an amendment to the bill of exceptions to correct an omis-
sion to certify that it included all the evidence on the trial.
The order of amendment recited, among other things,
(p. 609,) that the action was taken "after a careful ex-
amination of the record in this case by the Hon. R. W. Clif-
ford, judge thereof, and of the stenographer's transcript
of the evidence heretofore filed herein and made a part of
the records in said cause, and of the various papers and
exhibits introduced in evidence in said case and made a
part of the record in said cause by being embodied in said
bill of exceptions heretofore signed and sealed." The order
further recited that the judge "kept some minutes of the
evidence in said case upon the trial thereof but not suffi-
ciently full to authorize the certificate from said minutes,
alone, that said bill of exceptions contained all the evidence."
The amendment by this order was challenged in that case
on the ground (p. 611) "that it is not shown that it was
made from any memoranda or minute kept by the judge,
or that anything appeared in the record and files from
which the amendment could be made." In overruling this
objection the court said (p. 612): "Formerly the judge
was necessarily dependent upon his notes and memoranda
and the record and files in the cause for data upon which
to predicate an amendment. The keeping of minutes by
the trial judge, which were always necessarily meager, has
very largely fallen into disuse, for the reason that the more
accurate,—and, indeed, reliable,—mode has been adopted
of keeping full stenographic notes of what occurred at the
trial, and the practice has become practically uniform, both

2ᴇ4 — 24

with the courts and the bar, to rely upon the stenographic report as the most reliable data attainable, in all subsequent proceedings in the cause. The stenographer is dependent upon the judge for his appointment and tenure of office. He is a sworn officer of the law, charged with keeping full and accurate stenographic notes of the evidence in all trials in the court for which he is appointed and with making true and correct transcripts thereof. * * * The notes thus taken, and the transcript thereof, are necessarily not conclusive upon the trial court, but being a part of the proceedings in the trial of the cause, taken and made *pari passu* by a sworn officer charged with the special duty, they are presumed to be correct until questioned and the contrary made to appear. Undoubtedly, the trial judge may disregard them if found by him to be inaccurate, but they are ordinarily accepted and acted upon, in practice, as the most reliable means of information attainable. If the stenographer, however, be not an official the same result would follow,—the accuracy and fullness of the notes taken in the regular and orderly course of the trial would, when approved by the court, constitute data to which the court might refer." The court in that case held the amendment of the bill of exceptions correct, the court saying (p. 613) : "It is apparent, independently of the fact that the transcript of the evidence, when properly certified by the trial judge, becomes part of the record, that the rule permitting the same judge, at a subsequent term of court, to amend the record by notes or memoranda made by himself during the trial, applies with equal, if not greater, force to the transcript of the evidence thus made and preserved. Every element of accuracy and certitude in the one is inherent in the other, while there is added in the stenographic notes fullness and completeness of detail impossible of attainment in memoranda kept by the judge; and where the judge has in apt time approved the transcript made by the stenographer as being a correct transcription of the evidence, there can

be no objection to his referring to the same as accurate data upon which to predicate his future order in the cause,—and especially must this be so where the accuracy of the transcript made by the stenographer was, as here, unchallenged."

Again, in *Sullivan* v. *Eddy*, 154 Ill. 199, the court had under consideration a similar question with reference to permitting an amendment, making it appear that the second count of the declaration in an action of ejectment instead of the first count, as stated in the bill of exceptions, had been stricken out and correcting the range number of the premises described in the judgment. The first portion of the amendment was shown by the bill of exceptions to have been made upon "no minute of the clerk or of the court," unless the bill of exceptions be a minute of the court. It appeared, however, that there was offered in support of the motion to amend, among other affidavits, that of the stenographer who had reported the trial, containing a transcript of the entry in his stenographic notes to the effect that the plaintiff had elected to dismiss as to the second count. The court upheld the amendment, saying (p. 202): "If the judge himself had made the minute shown by the stenographer's notes there could have been no question, under our decisions, of its sufficiency to authorize the making of the amendment. Under the present practice, when a stenographer has been employed to report a case on trial and enters upon that duty, we think the judge may rely upon his minutes instead of keeping docket entries or bench notes himself. When a shorthand reporter appears in a case, either by express appointment or being employed by parties, and is recognized by the court as the reporter for that case, we see no reason why his notes may not be treated as a proper minute of the court upon which to base an amendment. These views are in harmony with what we said in the recent case of *Chicago, Milwaukee and St. Paul Railway Co.* v. *Walsh*, 150 Ill. 607." The opinion continued that even if it were conceded that the bill of exceptions

failed to show that the shorthand reporter had been recognized by the court as the court reporter in the case, "still we think enough was shown by the record before the court when the amendment was allowed to authorize it."

In *Hubbard* v. *People,* 197 Ill. 15, cited in the opinion of the court, the record was amended so as to show the empaneling of the jury, the presence of the defendant at the trial and the custody of the jury by a sworn officer, all of which matters it had originally failed to disclose. The amendment was made on the basis of an affidavit by the shorthand reporter identifying a portion of his typewritten notes of the trial. The court in that case took the view that "the statute does not make it the duty of the shorthand reporter to keep bench notes for the judge or memoranda from which the clerk of the court may subsequently write up the record," and held that "the stenographic notes of the shorthand reporter were not, therefore, such a memorial paper, note or memorandum as the law contemplates shall be used as a basis from which to make an order amending a record *nunc pro tunc.*" The cases as heretofore cited in this dissent were distinguished on the ground that the stenographic notes made had been embodied in the bill of exceptions and thus made a part of the record in the first case, and the contrary expressions in the second case were held in the last case to be merely dicta.

I concede that the last decision may not be in harmony with the first two decisions, but I am inclined to think that the reasoning in the first two opinions is more logical and more in accord with good practice in matters of this kind than is the attempt to distinguish those cases in the last case. Indeed, I think this case can be fairly distinguished from the case of *Hubbard* v. *People, supra.* Here it was the duty on the part of the stenographer, under the statute, to take down the notes relied upon. The statute requires the reporter to take "full phonographic notes of the evidence." (Hurd's Stat. 1917, par. 82*b*, p. 870.) Our law

takes the view that without the admonition in question the plea of guilty will not support the judgment of conviction. If a proper plea of guilty be evidence, then the admonition, to be proper, must likewise, in effect, be evidence. In other words, if the plea without the admonition is not evidence of guilt, and the plea together with the admonition of the court is, in effect, evidence of guilt, it would seem to follow that the admonition is practically a part of the evidence; that the whole of the colloquy between the court and the accused was something which the statute required to be taken down by the stenographer.

The holding of the opinion in a case like this seems to me to apply a rule to the statute when the reasoning for the rule has ceased to exist. As stated substantially in *Chicago, Milwaukee and St. Paul Railway Co.* v. *Walsh, supra,* the adoption of modern methods has evidently supplanted the old practice of judge-made notes. They rarely are fully kept by any trial judge. Why, therefore, should the court insist upon such notes when they are often no longer made? Why should the court not give the same effect to that which has taken their place as it does to the notes of the judge, when, as everyone knows, they are as reliable, if not more so, than the judge's notes, because more complete and in greater detail? The oath of the official reporter, as well as the recollection of the judge at the time of entering the amending order, offers a sufficient degree of accuracy and reliability in the subject matter of the amendment. I do not think it is doing violence to the language of the statute to say that the reporter's notes taken in obedience thereto is a "*quasi* official note or memorandum or memorial paper," and therefore satisfies the rule already laid down repeatedly by the courts with reference to the memorandum upon which an amendment of the record may be based. For these reasons I respectfully dissent.

Mr. JUSTICE THOMPSON, also dissenting.