(No. 13542.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. CHARLES BARNWELL, Plaintiff in Error.

*Opinion filed December 21, 1920—Rehearing denied Feb. 3, 1921.*

1. CRIMINAL LAW—*when the record may be amended to show organization of grand jury.* After a challenge to the array and to the poll of the grand jury the record may be amended, on cross-motion of the People, to show the fact that the grand jury was properly organized although several terms have elapsed since the finding of the indictment.

2. SAME—*what authorizes amendment of record to show organization of grand jury.* An amendment of the record to show the proper organization of the grand jury may be based upon the venire showing the persons summoned as grand jurors, the notations of the clerk, made at the time, showing those who were excused and those who were called from the bystanders, and the minutes of the judge showing the appointment of the foreman and the swearing of the foreman and of the grand jurors.

3. SAME—*when Supreme Court will not interfere with verdict.* It is the special province of the jury to consider and weigh contradictory testimony in a criminal case, and the Supreme Court will not interfere with the verdict on the facts, unless satisfied that the evidence is clearly insufficient to establish the defendant's guilt beyond a reasonable doubt.

WRIT OF ERROR to the City Court of Litchfield; the Hon. J. H. FORNOFF, Judge, presiding.

J. H. ATTERBURY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, J. E. MAJOR, State's Attorney, and P. McWILLIAMS, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error brings up for review the record of the conviction in the Litchfield city court of the plaintiff in error, Charles Barnwell, of the crime of rape, charged to have been committed with her consent upon a girl under sixteen years of age.

Error has been assigned upon the overruling of challenges questioning the organization of the grand jury. The indictment was returned at the September term, 1918, of the court. At the May term, 1919, defendant made. two motions called challenges to the array and to the poll of the grand jury, for the reason that the persons chosen by the board of supervisors did not act, but a part, only, of those chosen, together with others, acted without authority, and there was no record of their organization as a grand jury. The record at that time did not contain the names of the persons who had been summoned or appeared as grand jurors or any statement of the appointment of a foreman or the swearing of the grand jury. The People made a cross-motion to amend the record, and upon an examination of the venire and return of the sheriff, the notations made by the clerk at the time of the calling of the grand jury and the minutes of the judge the cross-motion was sustained, and the clerk, under the direction of the court, amended the record so as to show a proper organization of the grand jury. The terms of the court were held monthly, and seven terms had elapsed after the finding of the indictment before the amendment of the record. The defendant filed a bill of exceptions to the order of the court permitting the amendment, and his counsel now insists that it was based upon incompetent and insufficient evidence. It was based upon the venire showing the persons summoned as grand jurors, the notations of the clerk made at the time showing those who were excused and those who were called from the bystanders, and the minutes of the judge showing the appointment of one of those persons as foreman and the swearing of the foreman and of the grand jury. These files and minutes were competent and sufficient to justify the order, and the lapse of time was no ground of objection to making the record show the fact.

The only other error argued is that the evidence does not sustain the verdict. Stella Rule, the prosecuting wit-

ness, was born August 7, 1902. She was not married, but on March 31, 1918, a child was born to her. She testified to one act of sexual intercourse with the defendant and he denied it. The question is therefore one of the credibility of these two witnesses in view of all of the evidence. She lived in Litchfield with her mother, two blocks south and a block east of the defendant's home, where he, a man about fifty years old, lived with his wife and his daughter, who was a school teacher. He was an insurance agent, having an office on the second floor of a building in the business part of the town, about three-quarters of a mile from his home. In June, 1917, Stella Rule was working in a shoe factory, going to work about seven o'clock in the morning and returning home about half-past five in the evening. The defendant frequently met her at the street corner a block west of her home and they went down-town together, walking or riding in his automobile. He also frequently brought her back in the evening, leaving her on the corner a block south of her home. Sometimes he waited for her on the corner. She went to his office several times. She testified that the last time she did so, which was before July 4, he had sexual intercourse with her, and that was the only time. After that she said she was not on good terms with him and did not ride with him or speak to him. As to what took place on this occasion the defendant denied her testimony in every detail. She testified before the grand jury in February, 1918, and then stated that this occurrence was in September, 1917, and again testified before the grand jury in September, 1918, when she said that she thought it was about July 20, 1917. There was also evidence tending to show that she was not unfriendly to the defendant but associated on friendly terms with him and his wife until August, 1917, or later. Her credibility was for the jury to determine. If they believed the material part of her testimony the evidence was sufficient to justify the verdict of guilty, though they may have thought her testimony as to

unessential details was not true. It is the special province of the jury, who see and hear the witnesses, to decide in cases of contradictory testimony which shall be believed, and the court will not interfere with their decision unless satisfied that the evidence is clearly insufficient to remove all reasonable doubt of the defendant's guilt. We cannot say on this record that the verdict was not justified by the evidence.

*Judgment affirmed.*