## BRAUN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 15, 1926.)

No. 4958.

Habeas corpus ⬅️4—Conviction on plea of guilty cannot be collaterally impeached by habeas corpus proceedings.

A record of conviction on a plea of guilty cannot be collaterally impeached, as by proceeding for writ of habeas corpus.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Petition by Walter C. Braun against the United States for writ of habeas corpus. From an order denying the writ, petitioner appeals. Affirmed.

Joseph J. McShane and Leo Collins, both of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus. January 12, 1926, an information was filed against the appellant in the court below, charging five separate violations of the National Prohibition Act. The first count charged the unlawful possession of property designed for the manufacture of intoxicating liquor, and the fourth count charged the unlawful possession of intoxicating liquor, together with a prior conviction for the same offense. January 15, 1926, a plea of not guilty was entered. March 25, 1926, the plea of not guilty was withdrawn and a plea of guilty to the fourth count was entered, and the defendant was sentenced to imprisonment in the county jail for the term of 90 days. The remaining counts were thereupon dismissed.

It will thus be seen that the record was fair upon its face, because the plea of guilty to the fourth count, charging the unlawful possession of intoxicating liquor and a prior conviction for the same offense, fully supported the judgment and sentence. In the petition for the writ of habeas corpus, the appellant denied that he entered a plea of guilty to the fourth count; but this is not permissible. A record of conviction cannot be impeached in that way. If, as a matter of fact, the record on the criminal trial did not speak the truth, it was the duty of the appellant to apply to that court for its correction, and to prosecute a writ of error to this court, if his application was denied. Having failed to do this, he is now precluded from impeaching the record in a collateral proceeding, such as this. Thus in Riddle v. Dyche, 262 U. S. 333, 43 S. Ct. 555, 67 L. Ed. 1009, the appellant offered to show on habeas corpus that the jury by which he was tried for a felony consisted of only 11 men, in the face of a recital in the record that a jury of good and lawful men was duly impaneled, sworn, and charged, and the Supreme Court held that this could not be done, saying:

"That the trial court had jurisdiction to try and punish the appellant for the offense with which he was charged is not disputed. The attempt is collaterally to impeach the record, showing upon its face that a lawful jury was duly impaneled, sworn, and charged. Appellant's remedy, as suggested in the mandamus proceeding, was by writ of error. He did not avail himself of it and whatever may have been the cause or excuse for not doing so, habeas corpus cannot be used as a substitute."

See, also, Ex parte Craig (C. C. A.) 282 F. 138, 154.

The judgment of the court below is therefore affirmed.