(No. 20649.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TONY AMBOLO, Plaintiff in Error.

*Opinion filed April 23, 1931.*

EUGENE McCAFFREY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Tony Ambolo, plaintiff in error, in October, 1927, was found guilty by a jury in the criminal court of Cook county of robbery while armed with a dangerous weapon. He was sentenced to the penitentiary at Joliet for an indefinite term and is now there incarcerated. In August, 1930, his counsel applied to the clerk of the criminal court for a transcript of the common law record of his case so that the same could be submitted to this court. By a comparison of the transcript with the original record it was allegedly found that such transcript did not accurately portray the orders contained in the original record. It was claimed that such transcript failed to affirmatively show, except possibly by letters and symbols understood only by the clerk, that defendant was in court at the time sentence was pronounced upon him. Accordingly his counsel appeared before the chief justice of the criminal court and made a motion "that the certified and amplified transcript of what purports to be the common law record * * * be amended and that what purports to be a judgment therein be vacated," etc. A hearing was had and plaintiff in error introduced in evi-

dence fifteen pages of a transcript, the contents of which do not appear in the abstract. The record before us is in a very unsatisfactory condition, but it appears that at the hearing a number of motions were made by counsel for plaintiff in error seeking to amend a transcript of the record to comply with the abbreviated entries of a journal kept by the clerk and to have the judgment annulled. Only two of these motions, with the exhibits to which they refer, are shown in the incomplete abstract furnished to us, so they are the only motions we can consider. Both of these motions ask leave to amend a transcript of the record. After these proceedings were had the State moved to dismiss the pending motion of plaintiff in error, and the State's motion was allowed.

The only point at issue before us is whether the court below erred in denying the motion to amend the certified transcript of the record. Since the motion of defendant was directed to the amendment of a transcript of the record and not to the record itself no error was committed in its denial. The record as furnished in the transcript stands as the record of the court until it has been corrected. The record should first have been amended to conform to the facts and then a new transcript procured, so that the omitted parts could be shown. The general rule is that the record of the court cannot be contradicted or amended except by other matter of record made by or under the authority of the court. *Metzger* v. *Morley,* 197 Ill. 208; *Nicholson* v. *Loeff,* 253 id. 526.

The law is well settled that the record must affirmatively show that defendant was present in court at the time sentence was imposed, (*Harris* v. *People,* 130 Ill. 457; *Brooks* v. *People,* 88 id. 327;) but it is equally well established that the record of the court imports verity, and that such record may not be impeached by testimony, affidavits, stenographer's report or the memory of the judge. (*Hubbard* v. *People,* 197 Ill. 15.) Plaintiff in error places great

reliance upon the decision of this court in *People* v. *Fulimon*, 308 Ill. 235, but our opinion in that case does not aid his present position. In that case an effort was made in the court below to correct the record to speak the truth, and the action of the trial court in denying the motion for that purpose was reversed by this court. The motion did not concern a transcript of the record but was directed to the record itself, while in this case the motion in question sought to amend a transcript of the record. In the *Fulimon case* Mr. Justice Cartwright, speaking for the court, said: "The only way open to him was to ask the court to correct the record so that it should speak the truth, and this was done by evidence that the memorandum kept at the time did not show the required fact and that the record was written from that memorandum." Plaintiff in error in the present case, so far as the record before us shows, did not ask the trial court to correct the record itself, and that court committed no error in denying his motion for amendment of the transcript of the record.

It further appears that a long transcript of the record sought to be amended is not found in the abstract, and that no part of the journal kept by the clerk of the court for October 15, 1927, the day on which defendant was convicted and sentenced, was offered in evidence. The abstract is a pleading and must show all points upon which plaintiff in error relies. Where matters have been introduced in evidence and do not appear in the abstract the court will assume that such matters are sufficient to justify the judgment of the court below, and this notwithstanding the fact that the record may be certified to contain all the evidence, where it is clearly apparent from the record that certain evidence is omitted. (*Garrity* v. *Hamburger Co.* 136 Ill. 499.) These omissions only serve to reinforce our conclusion that the judgment of the court below should be affirmed.

*Judgment affirmed.*