(No. 21808.—■■■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH VALENTINO, Plaintiff in Error.

*Opinion filed December 22, 1933—Rehearing denied Feb. 7, 1934.*

WILLIAM R. FETZER, (CHARLES P. R. MACAULAY, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is a writ of error to the criminal court of Cook county, where plaintiff in error was indicted, tried, convicted and sentenced upon an indictment charging murder

by abortion. On the sixteenth day of November, 1932, the defendant was duly arraigned, furnished with a copy of the indictment, and entered a plea of not guilty. On waiver of a jury he was tried before the court, was found guilty as charged, and sentenced to fourteen years in the penitentiary. Motions for a new trial and in arrest of judgment were overruled. All of this appears from the original record on file in this court, which record also contains a copy of a penitentiary *mittimus,* although it is neither a proper nor a necessary part thereof. This *mittimus* seems to furnish the only argument advanced by plaintiff in error.

It sufficiently appears that through some error on the part of a clerk the printed form of *mittimus* was used, which committed the defendant to the penitentiary "for a term of years not to exceed the maximum term fixed by statute for the crime whereof he stands convicted," whereas the original sentence of the court, as shown by the record, was for a term of fourteen years. At a later date it appears that the criminal court entered an order finding that the records of that court sufficiently showed that the defendant was sentenced to a term of fourteen years and ordered the clerk of the criminal court to issue a corrected *mittimus.* It is contended by plaintiff in error that the record cannot be amended without giving the parties an opportunity to be heard, citing and relying upon *O'Connor* v. *Mullen,* 11 Ill. 57, *Massachusetts Mutual Life Ins. Co.* v. *Kellogg,* 82 id. 614, *Bryant* v. *Vix,* 83 id. 11, and other cases. All of this is conceded, but it is immaterial in the present case for the reason that the *mittimus* is not a part of the common law record.

There being no error apparent in the record or any complained of, the judgment of the criminal court must be affirmed.

*Judgment affirmed.*