BRAUN et al. v. UNITED STATES.
No. 42209.

Court of Claims.
Nov. 5, 1934.

862

Victor E. Cappa, of New York City (Louis O. Bergh, of New York City, on the brief), for plaintiffs.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The plaintiff Hedwig Braun is an executrix of the last will and testament of Herman W. Braun and also sole residuary legatee and distributee under his will. The other plaintiff, Theodore C. Weygandt, is also an executor under the will. They join in bringing suit to recover $25,094.20 with interest which they claim has been illegally collected and held by defendant as taxes upon the proceeds of certain insurance policies on the life of the decedent who died May 24, 1919.

The issues joined in the case are quite simple and there is no dispute over the facts. The taxes in question were assessed and collected before the decision of the Supreme Court in the case of Lewellyn v. Frick, 268 U. S. 238, 45 S. Ct. 487, 69 L. Ed. 934, in which it was held that the act of 1919 did not make the estate tax retroactive and did not apply to insurance policies taken out before the effective date thereof. The Commissioner in assessing the tax construed the law otherwise and included in the taxable property of the estate the proceeds of the insurance policies which had been taken out by the deceased prior to the date when the act went into effect. A claim for refund was filed on November 10, 1925, within four years of the payment of the second installment of the

tax but more than four years after the payment of the first installment. After the Frick Case had been decided the Commissioner reached a final conclusion on the claim and on March 10, 1927, wrote a letter to the plaintiffs, a copy of which is set out in Finding 5. This letter stated with reference to the insurance policies in question that "the Bureau finds that no part of the value of the above-mentioned policies is subject to inclusion in the taxable estate." But it also stated that section 3228 of the Revised Statutes (26 USCA § 157 and note) made it necessary that a claim for refund "must * * * be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax," and that therefore the only amount refundable was the "portion of the tax paid within the above-mentioned four-year period." This was followed by the statement: "Accordingly, your claim for refund of $27,408 will be certified to the disbursing clerk of the Treasury Department for payment in the sum of $2,313.-80, and is rejected as to $25,094.20."

After some further proceedings not material to the decision of the case, the Commissioner signed a schedule of refunds allowing and certifying for payment a refund to plaintiffs of $2,313.80 with accrued interest thereon of $584.91, making a total sum of $2,898.71, a check for which was mailed to plaintiffs and cashed by them.

■ Counsel for plaintiffs contend that the reasons given by the Commissioner for rejecting the claim were erroneous and counsel for defendant on the other hand insist that they were correct. We have already ruled on this point in favor of the plaintiffs' contention in the case of Hills v. United States, 50 F.(2d) 302, 55 F.(2d) 1001, 73 Ct. Cl. 128, and held that the statutory period of limitations prescribed by sections 3226 and 3228 (see 26 USCA §§ 156 note, 157 and note) with respect to any portion of the estate transfer tax begins to run from the date when all the tax is paid, although the statute provides differently with reference to income and excess profits taxes. The reasons for this decision were set out at some length in the opinion. After the question has been reargued, we see no reason for changing our decision in the Hills Case, supra, and therefore conclude that at the time when the Commissioner made his decision on the claim it was erroneously rejected. When, however, we consider the subsequent events in the case, as hereinafter set forth, it will be found that this conclusion is of no avail to the plaintiffs

and that regardless of how the question involved therein is decided the plaintiffs are not entitled to recover herein.

■ As we view the case, the principal defense is found in the contention made on behalf of the defendant that the suit was not begun within the time provided by section 3226 of the Revised Statutes.

The last payment on the estate tax was made January 23, 1923, and, as stated above, we have held that this is the date of "the payment of the tax" under the section applying to estate taxes. The claim was rejected March 10, 1927, but the suit was not begun until January 17, 1933. As section 3226 of the Revised Statutes (see 26 USCA § 156 and note) provides that no suit shall be begun on any claim for refund after the expiration of five years from the date of the payment of the tax unless such suit is begun within two years after the disallowance of the claim, it is manifest that plaintiffs' claim is barred by the statute of limitations unless some reason can be given why the provisions of section 3226 do not apply.

It is urged on behalf of plaintiffs that the letter of the Commissioner rejecting the claim showed there had been an excess payment of $27,408, that this amounted to an account stated in favor of plaintiffs for that amount, and that the other statements contained in the letter to the effect that only a certain portion of the claim would be allowed and the remainder would be rejected were a mere nullity and counted for nothing for the reason that the statute required that when there had been an overpayment of taxes they should be refunded.

We think if this argument should be sustained the purposes of sections 3226 and 3228 prescribing limitations on the recovery of taxes erroneously collected would to a large extent be rendered unavailing to the government. Whenever taxes are erroneously collected and retained after a proper claim for refund has been filed it does not necessarily follow that they may be recovered. The statutes prescribe certain limitations upon the right of recovery. Among other things, a claim for refund must be filed within a prescribed time and when the claim is not paid suit must be brought thereon within the period of limitation fixed by the statute. These provisions of the law are not nullified by other provisions authorizing the Commissioner to refund taxes wrongfully collected. Plaintiffs did not bring this suit until more than five years after the last payment made on the taxes and more than two years

after the rejection of that part of the claim for which suit is now brought. The action is therefore barred by the statute of limitations.

In contending to the contrary, it is argued by plaintiffs, first, that the law required the Commissioner to refund taxes which he admitted had been wrongfully collected, and, second, that the statements contained in the letter rejecting the claim in part but admitting the wrongful collection of the taxes for which suit is brought constituted an account stated in favor of the plaintiffs and that plaintiffs therefore had six years from the time the letter was sent out in which to bring suit.

■ Section 1111 of the Revenue Act of 1926 (26 USCA § 149 and note) authorizes the Commissioner to refund taxes erroneously or illegally assessed and collected. The plaintiffs contend that this provision is mandatory. There may be some decisions that have construed the word "authorized" in connection with the context so as to give it a mandatory meaning, but it appears clear to us that when this section is considered in connection with the other statutes with reference to refunds such a construction is quite erroneous and would break down the greater part of the system established by law with reference to making refunds. There are numerous instances in which overpayments are not refundable. In fact, the statute expressly directs in some instances that they should be applied on other taxes. When the Commissioner found there was an overpayment it was next his duty to determine whether the overpayment should be refunded, but the fact that he came to an erroneous conclusion on this matter did not extend the statute of limitations.

The construction which we have placed upon the law is not a harsh one. The Commissioner precisely and definitely rejected the claim which plaintiffs are now making. The law gave the plaintiffs two years thereafter in which to bring suit. Instead of so doing, the plaintiffs delayed for a period of nearly six years and now bring this suit contending, among other things, that the fact that the Commissioner found an overpayment constituted an account stated.

■ We have recently in many cases recited the elements of an account stated. Among them is the rule that "the parties must agree upon the balance struck and there must be a promise, express or implied, for the payment of the balance." Leisenring v. United States, 4 F. Supp. 993, 994, 78 Ct. Cl. 171. See, also, Samuel Daube v. United States, 5 F. Supp. 769, 78 Ct. Cl. 754. The letter of the Commissioner upon which plaintiffs rely utterly fails to comply with the requisites of such an account and we do not need to go into any extended discussion of the matter. We would note, however, that the letter, instead of admitting that anything was due the plaintiffs beyond the amount it was proposed to refund and which was subsequently refunded, positively informed plaintiffs that nothing more would be paid and in effect denied the validity of the claim that plaintiffs now make. There was, however, an implied promise to pay the amount which the letter said to be due plaintiffs, which amount plaintiffs duly received. Plaintiffs practically agreed to the statement by accepting the payment made and retaining it for years without any objection thereto. Consequently we might go even further if it were necessary and say on the authority of Stearns Co. v. United States, 291 U. S. 54, 54 S. Ct. 325, 78 L. Ed. 647, that the account between the parties was settled.

The case is altogether different from that of the Shipley Construction Co. v. United States, 7 F. Supp. 492, decided by this court June 25, 1934, where the Commissioner not only allowed the claim but in effect promised to pay it, thus luring the plaintiff to delay further proceedings for its collection. In the case at bar the plaintiffs simply slept on their rights and could not have been misled in any way. The Commissioner, it is true, erred, but the law gave the plaintiffs ample remedy of which they did not see fit to avail themselves.

It follows that plaintiffs' petition must be dismissed and it is so ordered.