**WILLIAMS v. HUFF, General Superintendent, D. C. Reformatory.**

**No. 8669.**

United States Court of Appeals
District of Columbia.

Argued March 10, 1944.

Decided April 7, 1944.

Mr. J. H. Bilbrey, of Washington, D. C., assigned by the court, for appellant.

Mr. John P. Burke, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

This appeal is from an order discharging a writ of habeas corpus upon consideration of the petition and the answer. In 1941 petitioner pleaded guilty to an indictment which charged assault with a dangerous weapon. According to the record of the trial court he was advised of his constitutional right to counsel, was asked whether he desired counsel, and replied that he did not. He was sentenced to imprisonment for two to six years. He says that he was then seventeen years old.[1]

Appellant's petition for habeas corpus, prepared without the aid of counsel, states: "I am filing petition for Writ of Habeas Corpus on the grounds that I was not represented by counsel during my trial; no one asked me if I wished counsel to represent me; taking advice from layman that: If I pleaded guilty I would receive probation,

---

[1] He says that he was fifteen at the time of the alleged offense. The Juvenile Court could not waive jurisdiction until he was sixteen. D.C.Code 1940, § 11—914. In our opinion proceedings against a child should not be delayed in order that it may become possible to try him as adults are tried. We do not assume that any delay in this case was for this purpose.

and being ignorant of law I pleaded guilty, without the assistance of counsel and received my present term * * *."

■ Facts of record with regard to what occurred at a trial cannot be attacked on habeas corpus.[2] The record shows that appellant was informed of his right to counsel and undertook to waive the right. But the record does not show that the waiver was competent and intelligent. Appellant says in effect that it was not. This issue must be decided, for if a person charged with crime "is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty. * * *"[3] A plea of guilty creates no exception to this rule.[4]

"In deference to common experience, there is general recognition of the fact that many persons by reason of their youth are incapable of intelligent decision, as the result of which public policy demands legal protection of their personal as well as their property rights. The universal law, therefore, is that a minor cannot be held liable on his personal contracts or contracts for the disposition of his property."[5] In the case just quoted we held that a boy of fifteen cannot give valid consent to a surgical operation. The marriage of a boy of seventeen may be annulled.[6] A boy under twenty-one cannot make a valid will.[7] When a minor is a defendant in a mere civil suit, the court must appoint a guardian ad litem for him and also, if in the court's opinion his interests require that he have counsel, must assign him counsel regardless of his own opinion on that point.[8] Because the interests of society must be protected boys of seventeen are held competent, with certain limitations, to commit crimes and torts. But they are held incompetent, with few or no limitations, to protect their own interests in assuming legal obligations or defending legal rights.

It seems to me to follow as a matter of law that a boy of seventeen cannot competently waive his right to counsel in a criminal case. In saying this I do not speak for the court.

■ In the view of the majority of the court appellant's competence was a question of fact, in the determination of which his youth was entitled to serious consideration but was not necessarily conclusive. It follows that the District Court should take evidence and determine whether, in the light of his age, education, and information, and all other pertinent facts, he has sustained the burden of proving that his waiver was not competent and intelligent.

Reversed.

---

[2] Riddle v. Dyche, 262 U.S. 333, 43 S. Ct. 555, 67 L.Ed. 1009; Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830; Clawans v. Rives, 70 App. D.C. 107, 109, 104 F.2d 240, 122 A.L.R. 1436. We do not understand these cases to be overruled by Centers v. Sanford, 315 U.S. 784, 62 S.Ct. 802, 86 L.Ed. 1190.

[3] Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 1024, 82 L.Ed. 1461, 146 A.L.R. 357; United States ex rel. McCann v. Adams, 320 U.S. 220, 64 S.Ct. 14.

[4] Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Evans v. Rives, 75 U.S.App.D.C. 242, 126 F.2d 633; Wood v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265. Cf. McJordan v. Huff, 77 U.S.App.D.C. 171, 133 F.2d 408.

[5] Bonner v. Moran, 75 U.S.App.D.C. 156, 157, 126 F.2d 121, 122.

[6] D.C.Code 1940, § 30—103.

[7] D.C.Code 1940, § 19—101.

[8] D.C.Code 1940, § 13—105.