(No. 29048.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HOWARD STUBBLEFIELD, Plaintiff in Error.

*Opinion filed November 21, 1945.*

HOWARD STUBBLEFIELD, *pro se.*

GEORGE F. BARRETT, Attorney General, and ROBERT H. CHASE, State's Attorney, of Metropolis, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on common-law record to review the judgment and sentence entered in the circuit court of Massac county against plaintiff in error on his plea of guilty to the crime of robbery while armed. It is first contended that there was error in the sentence imposed, since he was "to be confined in said penitentiary in safe and secure custody, or allow him to be paroled, subject to the rules and regulations of the prison board of said penitentiary." He argues that he was denied the right to ap-

pear before the parole board and be given a parole under the provisions of the sentence entered against him. The record submitted by him shows that he was sentenced to the Illinois State Penitentiary "until discharged by law." There is no error in the sentence.

An accused, convicted and sentenced to the penitentiary, is confined there by virtue of the judgment and sentence entered against him, and, in case of a variance between the language of commitment and the judgment, the latter prevails. (*People* v. *Daulley,* 387 Ill. 403; *People* v. *Stacey,* 372 Ill. 478.) In this case the judgment and sentence imposed were in accordance with the law and plaintiff in error's contention is without merit.

Plaintiff in error also contends that his constitutional rights were violated by failing to provide him with assistance of counsel. The right to be represented by counsel is one which the accused may claim or waive, as he chooses. No duty rests upon the court to provide counsel for the accused unless the latter states on oath his inability to procure counsel and expresses his desire to have such appointed. Moreover, it cannot be asserted that the question whether the court erred in its failure to appoint counsel arises here, where the cause comes before this court on the common-law record, only, and such record does not disclose whether he requested that an attorney be appointed for him. *People* v. *Stack, ante,* p. 15; *People* v. *Braner,* 389 Ill. 190.

Other contentions made by plaintiff in error are such only as could arise on a bill of exceptions and cannot be considered here.

The judgment of the circuit court of Massac county is affirmed.

*Judgment affirmed.*