(Nos. 30185, 30186.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DAVID FLANNIGAN, Plaintiff in Error.

*Opinion filed September. 18, 1947.*

FERLIC & GANNON, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, W. S. MIROSLAWSKI, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. Justice Thompson delivered the opinion of the court:

Plaintiff in error, David Flannigan, was indicted in the criminal court of Cook County, in case No. 76190, for the crime of robbery while armed, and impleaded in case No. 76226 for the crime of robbery while armed. The causes are unrelated to each other but are here consolidated, as the principal question for determination is whether or not the sentences imposed were cumulative or consecutive.

The record discloses that plaintiff in error was convicted before a jury in both cases and, after motions for a new trial and in arrest of judgment were overruled, was sentenced to the penitentiary in each case for a term of one year to life. The common-law records as here presented, after the caption stating the time and place of holding the court, consist of the indictments properly endorsed as found by the grand jury, arraignment of the accused, his plea, impaneling of a traverse jury, the verdict and the judgment. There is also attached to the common-law records a petition which was filed almost eleven years after the defendant had been imprisoned and after the attorneys for plaintiff in error secured a transcript of the record, which sought to expunge a part of the common-law record as submitted to them by the clerk of the criminal court of Cook county. The petitions as presented set out that the common-law records were ordered in the above entitled causes for the purpose of an appeal to the Illinois Supreme Court; that the journal and docket in their recitations did not support what is set out in the judgment and sentence and they request that certain items of the common-law records pertaining thereto be expunged. The prayer of the petition was that an order be entered on Thomas J. Bowler, clerk of the criminal court, to expunge certain language from the common-law records which pertains to the judgment and sentence and substitute certain

language in lieu thereof. The motion to expunge was denied and the abstract does not disclose an exception.

It is the contention of plaintiff in error (1) that the court erred in refusing to order the clerk of the criminal court to expunge from the common-law record certain parts thereof and substitute others as set out in the petition; (2) that the court erred in sentencing the defendant; (3) that the judgment of the court relative to the sentence is void; (4) that the sentence and judgment are contrary to the Federal constitution; (5) that the sentences are concurrent and not cumulative.

It is apparent that the petition as presented in each case is for the purpose of amending the transcript of the record and not the record itself. The only point at issue in this respect is whether the court below erred in denying the motion to amend the certified transcript of the record. Since the motion of plaintiff in error was directed to an amendment of the transcript of the record and not to the record itself, no error was committed in its denial. The record as certified by the clerk and filed herein imports verity. It has repeatedly been held that court records are so conclusive and final that the existence of the record or facts recited therein cannot be contradicted or impeached by the affidavits of persons, either parties to the record or bystanders, or by the notes of a stenographer who reported the proceedings, or on the memory of the judge who presided when the record was made. (*People* v. *Arnold,* 396 Ill. 440; *People* v. *Sprague,* 371 Ill. 627; *People* v. *Ambolo,* 343 Ill. 480; *Gillespie* v. *People,* 176 Ill. 238.) The record as furnished in the transcript stands as the record of the court until it has been properly corrected. We do not think the petitions, if otherwise properly addressed, are supported by the necessary exhibits or documentary evidence, with the proper proof of all entries to justify the court in altering or changing the judgment of record. Where the application

is to amend the record of a judgment finally recorded, after the term of the rendition and entry of the judgment, there must be official memorandum made at the time of the proceedings from which the actual evidence of the prior proceeding can be clearly ascertained and known. A proper petition to the court to redocket the case with a full hearing would enable the court to determine from exhibits and documentary evidence, and from a complete investigation as to whether or not the minutes, notes or memorial paper appearing of record would justify a corrected judgment to show the real judgment in fact rendered. If there be an adverse ruling, an appeal might be taken from the order, while, on the other hand, if the suggested correction was shown, the judgment as corrected would stand and would come to this court properly certified for consideration on the common-law record. Here we have no corrected record, no order of the court as to the disposition of the motion other than that it was overruled, and no exception to the ruling appearing in the report of proceedings.

It is urged by plaintiff in error that the record is lacking in elements to make a valid cumulative sentence. It is contended the records of the criminal court fail to show the term at which the previous sentence was entered; that the name of the court is not shown, and the record fails to show the place of execution or the name of the offense for which the plaintiff in error was convicted.

Plaintiff in error cites a number of cases in support of the proposition that a sentence in a criminal case should be so clear and definite and be so complete as to need no construction to ascertain its import. He also cites the case of *People ex rel. Courtney* v. *Fardy,* 378 Ill. 501, where we said: "We have recently decided [*People* v. *White,* 377 Ill. 251] that where a judgment order fails to define clearly the limits of sentences intended to run consecutively, or requires the aid of a court for its construction,

the cause should be remanded for the imposition of a proper sentence." The case of *People* v. *Wooten*, 392 Ill. 542, is cited on the point that the judgment in a case of cumulative punishment must be of such certainty that the commencement of the second and the termination of the first sentence must be determined from the record. These cases, of course, present correct propositions of law but their applicability must depend upon the records before us.

Plaintiff in error's approach seems to be based on the supposition that we are not taking into consideration the language in the judgment which he asked in his petition to have stricken. The particular language which we must consider from the record in this case, and which is the language that plaintiff in error asked to have eliminated from the common-law record, is as follows: "It is further ordered by the court that the said imprisonment shall begin at the expiration of the sentence of imprisonment of the said David Flannigan otherwise called Walter Kelly this day entered in cause No. 76218 [which must refer to No. 76226, as this is the general number brought before us for review,] on the Docket of this Court being the People of the State of Illinois v. David Flannigan otherwise called Walter Kelly, in the cause for Robbery in manner and form as charged in the indictment at the present term of this Court."

With this language in the record it would seem that the objection as raised by plaintiff in error is not well taken. However, we find when comparing the judgments as entered in both causes that each sentence "shall begin at the expiration of the other" leaving the beginning indefinite. For this reason the judgment in each case is reversed and the causes remanded with directions to the court to enter proper and definite sentences in causes Nos. 76190 and 76226.

*Reversed and remanded, with directions.*