**UNITED STATES of America ex rel. Rex STERLING, Petitioner-Appellee,**

v.

**Frank J. PATE, Warden, Illinois State Penitentiary, Respondent-Appellant.**

**No. 16749.**

United States Court of Appeals Seventh Circuit.

Nov. 21, 1968.

William G. Clark, Atty. Gen., of Illinois, A. Zola Groves, Asst. Atty. Gen., Chicago, Ill., for respondent-appellant; John J. O'Toole, Asst. Atty. Gen., of counsel.

Joseph E. McHugh, Chicago, Ill., for petitioner-appellee.

Before CASTLE, Chief Judge, and KILEY and SWYGERT, Circuit Judges.

CASTLE, Chief Judge.

The respondent-appellant, Frank J. Pate, Warden, Illinois State Penitentiary, prosecutes this appeal from the December 20, 1967, order of the District Court granting the petition of Rex Sterling, petitioner-appellee, for a writ of habeas corpus, and ordering the petitioner discharged.

The petitioner was convicted on November 23, 1931, in the Circuit Court of Montgomery County, Illinois, on his plea of guilty to burglary and larceny. He is serving a sentence of from one year to life as a result of that conviction. In his petition he alleges, inter alia, that he was unattended by his court-appointed counsel at the trial held on November 23, 1931, at which time he changed his plea to a guilty plea upon which he was convicted and sentenced. The District Court, after an evidentiary hearing, found such to be the case [1] and ordered the petitioner discharged.

In this connection the District Court found:

"  *  *  *  that on November 9, 1931, Rex Sterling was arraigned before the Honorable Paul McWilliams, Judge of the Circuit Court of Montgomery County, Illinois, on a charge of burglary and larceny pursuant to indictment No. 7861. Appearing on behalf of the People of the State of Illinois was Lester K. Vandever, States Attorney. At said time and place, Rex Sterling asked the presiding judge to appoint an attorney. Thereupon, Clark R. Missimore was appointed attorney to represent Rex Sterling and the matter was continued to November 23, 1931, for purposes of trial; that on November 23, 1931, the matter was called for trial and Judge Paul McWilliams was advised that Clark R. Missimore was not in Court and would not be able to represent Rex Sterling. Thereupon, a request was made by Rex Sterling to appoint a new attorney, which request was objected to by the States Attorney. Leave was given to the States Attorney to discuss the matter with Rex Sterling. Thereafter the plea of Not Guilty was withdrawn and a plea of Guilty was entered by Rex Sterling without the benefit of the advice of his attorney, Clark R. Missimore, or by any other attorney."

The petitioner relies on these critical factual findings as compelling affirmance of the District Court's order discharging him. In this respect petitioner points to our recognition in United States ex rel. Gates v. Pate, 7 Cir., 355 F.2d 879, 881, that:

"It is axiomatic that this Court will not set aside the District Court's findings of fact unless they are clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure. This rule is applicable to review of habeas corpus as well as other cases."

But the fact that there is evidence to support the District Court's factual findings, and thus preclude them

1. The District Court rejected a proposed finding submitted by petitioner that the prosecutor at the state court trial told petitioner "that if he persisted in his plea of Not Guilty that a 'very stiff sentence' would be imposed for night-time burglary, but if [petitioner] would change his plea from Not Guilty to Guilty, that a sentence of no longer than one year would be imposed".

from being characterized as "clearly erroneous", requires affirmance only if the court also applied the court legal criteria in reaching its ultimate conclusion.

■ The factual findings above set forth are based on the petitioner's version of what occurred on November 23, 1931, the day of his trial, as related by him in his testimony before the District Court, and on the fact that the mittimus [2] issued by the clerk of the state court to the sheriff directing that the defendant be taken from the bar of the court and delivered for incarceration states that on November 23, 1931, the defendant appeared before the court "in his own proper person unattended by counsel". But the mittimus is not a part of the common law record. People v. Valentino, 354 Ill. 584, 188 N.E. 825; People v. Stacey, 372 Ill. 478, 24 N.E. 2d 378. And, the duly certified copy of the common law record in the state court criminal proceeding, filed in the District Court pursuant to leave of court and admitted in evidence as a respondent's exhibit, recites that on November 23, 1931, the defendant appeared in "open court as well in his own proper person as by C. R. Missimore, his attorney". Moreover, Attorney Missimore testified in the District Court that he was so present in the state court representing the petitioner during the November 23, 1931, proceeding which culminated in petitioner's change of plea, conviction, and sentencing.

■ The duly certified common law record prevails in case of variance between it and the mittimus. Cf. People v. Stubblefield, 391 Ill. 609, 63 N.E.2d 762.

Although during the closing arguments before the District Court the trial judge, in a colloquy with counsel, recognized that he was confronted with the problem of "whether or not by parol evidence you can alter a certified record under Illinois law," it appears from the same colloquy that in proceeding to enter the judgment order discharging the petitioner the court, rather than resolving that issue, relied on what it characterized as "areas of uncertainty about the memory of the witness [Missimore]" which "do not in any way cause his testimony to contradict substantially the testimony of the petitioner". Acceptance of such characterization of Missimore's testimony, and treatment of the court's conclusion based thereon as an appraisal of the weight of the evidence or as a credibility resolution, are, nevertheless, of no aid to petitioner.

■ It is apparent that the District Court applied an incorrect legal standard when it accepted the testimony of the petitioner, coupled with the recital in the mittimus, to impeach the verity of the certified common law record of the criminal proceeding. It has been consistently held in habeas corpus proceedings that the record of the trial court in the underlying criminal proceeding is not open to collateral attack, but that such record imports absolute verity and may not be so impeached. Thus, with respect to the judgment reflected by the record in a criminal proceeding, it was cogently observed in Hill v. United States ex rel. Wampler, 298 U.S. 460, 464, 56 S.Ct. 760, 762, 80 L.Ed. 1283:

> "If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth. People ex rel. Trainor v. Baker, 89 N.Y. 460, 466. But the judgment imports verity when collaterally assailed. Ibid. Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebuttable presumption. In any collateral inquiry, a court will close its ears to a suggestion that [the record is inaccurate]".

To the same effect see: Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009; Goto v. Lane, 265 U.S. 393, 44 S.Ct. 525, 68 L.Ed. 1070; Ex parte Craig, 2

---

2. The mittimus was admitted in evidence as a petitioner's exhibit.

Cir., 282 F. 138; Braun v. United States, 9 Cir., 16 F.2d 118, 80 Ct.Cl. 211; Farnsworth v. Zerbst, 5 Cir., 98 F.2d 541; Thomas v. Hunter, 10 Cir., 153 F.2d 834; Williams v. Huff, 79 U.S.App.D.C. 31, 142 F.2d 91.

Braun v. United States, supra, was a habeas corpus proceeding in which the petitioner denied that he had entered a plea of guilty. It was there stated (16 F.2d 118):

" * * * but this [the denial of having entered a guilty plea] is not permissible. A record of conviction cannot be impeached in that way. If as a matter of fact, the record on the criminal trial did not speak the truth, it was the duty of the appellant to apply to that court for its correction * * *. Having failed to do this, he is now precluded from impeaching the record in a collateral proceeding, such as this."

■■ In our opinion it is firmly established that if the state court record of petitioner's criminal conviction fails to speak the truth he should seek to correct it in a proceeding filed in the Montgomery County circuit court for that purpose [3]—and he may not do so in a federal habeas corpus proceeding by way of collateral attack on the state court's certified record.

The District Court applied an impermissible legal standard—one involving collateral impeachment of a certified state court criminal record—in ordering the discharge of the petitioner.

Accordingly, the judgment order from which this appeal is taken is reversed.

Reversed.

KILEY, Circuit Judge (dissenting).

I respectfully dissent. I agree that generally the record of a trial court cannot be impeached in a habeas corpus proceeding, and that the petitioner ought to first seek to correct the record by appropriate proceeding in the sentencing court. But that rule presupposes a record "fair upon its face," Braun v. United States, 16 F.2d 118 (9th Cir. 1926), and a petitioner making a claim inconsistent with the record, Riddle v. Dyche, 262 U.S. 333, 336, 43 S.Ct. 555, 67 L.Ed. 1009 (1923).

However, in the case before us, there is in evidence the judge's handwritten docket entry of the 1931 Sterling trial which does not state that attorney Missimore was in attendance when Sterling pleaded guilty. There are typewritten notes, author not disclosed, of the Sterling trial indicating that Missimore was present; and the mittimus of November 25, 1931, certified by the circuit court clerk, which has stricken the word "attended" before "by counsel" and has the word "unattended" typed in.

Admittedly, the mittimus is not part of the common law record, but the record itself cannot be said to be "fair on its face" with respect to whether Sterling's attorney was present when the guilty plea was entered. And if the attorney was not present, Sterling was denied a constitutional right which "ousted" the circuit court of jurisdiction. In Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357 (1938), the court held that under the Sixth Amendment a federal court did not have jurisdiction to hear a criminal case where the defendant was not represented by

3. The Illinois decisions recognize that the court in which the criminal proceeding was had has jurisdiction to correct or amend its record to rectify, nunc pro tunc, any clerical misprision where the correction or amendment is based on some official note or memorandum or memorial paper remaining in the files of the case or upon the record of the court. Gore v. People, 162 Ill. 259, 44 N.E. 500; Hubbard v. People, 197 Ill. 15, 63 N.E. 1076; People v. Petrie, 294 Ill. 366, 128 N.E. 569; People v. Barnwell, 296 Ill. 67, 129 N.E. 538; People v. Weinstein, 298 Ill. 264, 131 N.E. 631; People v. Knight, 308 Ill. 182, 139 N.E. 47; People v. Fulimon, 308 Ill. 235, 139 N.E. 396; People v. Duyvejonck, 337 Ill. 636, 169 N.E. 737; People v. Cobb, 343 Ill. 78, 174 N.E. 885; People v. Ambolo, 343 Ill. 480, 175 N.E. 776; People v. Wos, 395 Ill. 172, 69 N.E.2d 858; People v. Flannigan, 398 Ill. 55, 74 N.E.2d 801.

counsel. This rule was applied against the states through the Fourteenth Amendment in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963). In United States ex rel. Craig v. Myers, 329 F.2d 856 (3d Cir. 1964) the court applied the *Gideon* rule retroactively in a habeas corpus proceeding. Therefore Sterling's petition claimed a want of jurisdiction and accordingly the district court could "look beyond the record of his conviction * * * to test the jurisdiction of the state court to proceed to judgment against him." Frank v. Mangum, 237 U.S. 309, 331, 35 S.Ct. 582, 588, 59 L.Ed. 969 (1915).

In Williams v. Huff, 79 U.S.App.D.C. 31, 142 F.2d 91 (1944), the record showed the "boy" petitioner was advised of his right to counsel, asked whether he wanted counsel, and said he did not. But, because the record did not show the boy's waiver was competent and intelligent, the court reversed the judgment dismissing the habeas proceeding. In Thomas v. Hunter, 153 F.2d 834 (10th Cir. 1946), the record specifically recited that at sentencing petitioner was represented by counsel. This, said the court, precluded parol testimony to the contrary. But because the record was silent as to the attorney's presence when verdict was returned, the court—anticipating Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963)—decided that petitioner should have been given an opportunity to prove his allegation that his attorney was not present at that stage of the trial, and remanded for further proceedings.

Here the common law record is ambiguous. Sterling alleges denial of a constitutional right which goes to the integrity of the trial, and the alleged denial raises a jurisdictional question. In United States ex rel. Baldridge v. Pate, 371 F.2d 424 (7th Cir. 1966)—a case similar to the one now before us—we noted, in absolving petitioner of any expense in the hearing ordered, "the apparent failure so far of the state

[Illinois] court records to determine the issue conclusively."

In my view the district court properly considered parol testimony on the issue here, and was within its discretion—on the testimony here—in determining credibility questions in favor of Sterling.

I would accordingly affirm.