(No. 28417.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK RAWLS *et al.,* Plaintiffs in Error.

*Opinion filed January 17, 1945.*

BURGESS, LOY & BURGESS, of Fairfield, for plaintiffs in error.

GEORGE F. BARRETT, Attorney General, and VIRGIL W. MILLS, State's Attorney, of Fairfield, for the People.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

The plaintiffs in error, Frank Rawls and Dean Frazier, were indicted in the circuit court of Wayne county for burglary and larceny. The indictment charged them with breaking into and entering a barn belonging to Isaac Wells and Lillie Wells and stealing corn therefrom of the value of five dollars.

The plaintiffs in error each entered a plea of not guilty and were tried together before a jury, which, by its verdict, found them guilty. Motions for a new trial and in arrest of judgment were overruled and the plaintiffs in error were

sentenced to the Illinois State Penitentiary for a term of years not less than one year nor more than life. The court also fixed the minimum sentence to be served by said defendants at one year and the maximum number of years to be served at five years.

They bring the case directly to this court on writ of error and raise only one question, which is, whether or not the evidence of the identity of the plaintiffs in error as being the persons committing the crime is sufficient to sustain the jury's verdict of guilty.

To pass upon this question requires a summary of the facts shown in the record. On the night of January 28, 1944, the barn of Isaac Wells was broken into and about five bushels of corn taken out. The barn is located about five miles southeast of Wayne City, in Wayne county. Two neighbors, Jessie Attebury and Ben Donohue, were the principal eyewitnesses for the State. The barn is situated about four or five rods east of a gravel road running north and south. There was a hoglot between the road and the barn. About a quarter of a mile north of the barn the road comes to a T, the gravel road turning west and a dirt road going east. There were some timbers commonly called mine props piled on the north side of the dirt road, just east of the gravel road.

Attebury lived on the gravel road about a quarter of a mile west of the T. On the night in question, his neighbor, Ben Donohue, had been visiting at the Attebury home. On returning to his home about 9:30 P. M., Donohue observed an automobile parked on the roadside near the prop piles. He stopped, flashed his lights on the car, recognized it, went on to his home to see if everything was all right, then returned to Attebury's and reported what he had seen. Attebury and Donohue then walked down to where the car was parked and concealed themselves behind the prop piles 12 or 15 feet from the parked car. They both testified that in a few minutes the plaintiff in error, Frank Rawls,

came up the road from the direction of the Wells barn, got in the car and drove up to near the burglarized premises and stopped the car in the highway directly west of the barn. Both these witnesses testify that Rawls walked right past them as they were hidden behind the pile. They recognized him as Frank Rawls and also recognized his car. The lights on the Rawls car were left burning. Attebury and Donohue followed Rawls at a distance of about 300 feet and saw him, together with the other plaintiff in error, Dean Frazier, load three sacks of corn in the Rawls automobile. They saw Frazier walking in front of the car where the lights exposed him to a clear view. Both testify they had no difficulty in identifying both Rawls and Frazier. They further testified that after the three sacks had been loaded in the Rawls car, they yelled and the plaintiffs in error jumped in the car and drove away. The two witnesses then returned to the Attebury home and secured a lantern. Upon returning to the scene they found two sacks of corn lying at the side of the road. The testimony of other witnesses proved that the barn had been broken into and corn stolen.

Both plaintiffs in error deny that they were present at the Wells barn that evening or that they got the corn as testified to by the witnesses for the State. Frazier testified that on the evening of January 28, 1944, he and his wife and children drove to the home of Rawls where they visited until about eleven o'clock and then went home. Rawls confirmed this story.

They further insist that, because the moon was narrow, the night dark and the State's witnesses so far distant, it was physically impossible for them to recognize either of the plaintiffs in error. After arrest, the plaintiffs in error were taken out to the hoglot west of the Wells barn and had their footprints measured to show that the tracks in the mud across the lot were not made by their overshoes. Both Attebury and Donohue testified that the Rawls car

was a Ford Model 60. Evidence was introduced by the defendants to show that the car belonging to Rawls was a Ford Model 85.

All of these facts, and many more of a minor nature, were presented to the jury at the trial. This court has repeatedly held that it is the special province of the jury, which sees and hears the witnesses, to decide, in cases of contradictory testimony, who shall be believed, and the court will not interfere with the jury's decision unless satisfied that the evidence is clearly insufficient to remove all reasonable doubt of the defendant's guilt. (*People* v. *Barnwell*, 296 Ill. 67.) In *People* v. *Maciejewski*, 294 Ill. 390, where the testimony of a witness was not positive as to identification, it was held competent and admissible, its weight being a question for the jury in connection with the other circumstances in the case. The law has committed to the jury the determination of the credibility of the witnesses and the weight to be accorded to their testimony. Where the evidence is merely conflicting, this court will not substitute its judgment for that of the jury, and this rule applies to contradictory evidence on alibi. *People* v. *Stephens*, 297 Ill. 91.

In this case, there is no question of law involved and there is no prejudicial error charged by the plaintiffs in error. The testimony of the two State witnesses on the question of identification was positive and certain and was corroborated by many other facts and circumstances in evidence. On the entire record, we cannot say that there is such a reasonable doubt of defendants' guilt as would warrant a reversal.

The judgment of the circuit court of Wayne county is affirmed.

*Judgment affirmed.*