**AUDETT v. JOHNSTON, Warden.**

No. 10569.

Circuit Court of Appeals, Ninth Circuit.

May 17, 1944.

Theodore James Audett, in pro. per., for appellant.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the District Court for the Northern District of California, Southern Division, dismissing a petition for a writ of habeas corpus.

Appellant was tried on two counts of an indictment. The first of these, on which he was convicted, charged him with entering the First State Bank of Whitman, Nebraska, with intent in said bank to commit the crime of larceny. This state bank was an "insured bank as defined in subsection (c) of section 264" of 12 U.S.C.A. and hence one to which the federal criminal laws here in question are applicable. 12 U.S.C.A. 588a.

The other count, on which he was acquitted, charged appellant with the larceny of $1.70, committed in the bank after entry there. The entry preceding the larceny charged in the first count was the same entry as that with intent to commit larceny charged in the second count.

The first count of the indictment was drawn under the provisions of §§ 588b of 12 U.S.C.A., which at the time of appellant's indictment provided:

"Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank; or whoever shall enter or attempt to enter any bank, or any building used in whole or in part as a bank, with intent to commit in such bank or building, or part thereof, so used, any felony or larceny, shall be fined not more than $5,000 or imprisoned not more than twenty years, or both; or whoever shall take and carry away, with intent to steal or purloin, any property or money or any other thing of value exceeding $50 belonging to, or in the care, custody, control, management, or possession of any bank, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or whoever shall take and carry away, with intent to steal or purloin, any property or money or any other thing

of value not exceeding $50 belonging to, or in the care, custody, control, management, or possession of any bank, shall be fined not more than $1,000 or imprisoned not more than one year, or both."

Appellant claims that the word "larceny" in the clause "with intent to commit in such bank or building, or part thereof, so used, any felony or larceny, shall be fined not more than $5,000 or imprisoned not more than twenty years, or both," means grand and not petit larceny. The first count, he claims, fails to allege a crime within the statute because the intent on entering the bank was not alleged to be to commit grand larceny—the count in this respect reading that the appellant "did unlawfully, knowingly, and feloniously enter the First State Bank of Whitman, Nebraska, with the intent then while in said bank and therein to commit the crime of larceny, that is to say, to steal, take, and carry away money belonging to and in the custody of the State Bank of Whitman; * * *"

█ Appellee's brief disagrees with this contention. However, with this we are not concerned. Where the court has jurisdiction of the subject matter and of the accused person, the question of the sufficiency of the indictment's charging of the crime is a matter confined to appeal and not one subject to review in a habeas corpus proceeding. Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036.

█ Appellant contends that the statute itself, 12 U.S.C.A. § 588b, purporting to create the offense, violates the Constitution because it makes a crime of a mere intent to commit an offense—something which cannot be done under our system of government. Since if the law be unconstitutional it is no law and there is no subject matter of which the court has jurisdiction, such a contention may be pressed in this proceeding. Bowen v. Johnston, 306 U.S. 19, 23, 59 S.Ct. 442, 83 L.Ed. 455; Ex parte Siebold, 100 U.S. 371, 376, 25 L.Ed. 717.

█ There is no merit to the contention. The statute does not make it a crime to hold the intent to commit larceny in a bank. It is only when the intent is accompanied by and motivates the overt act of entry that the crime is committed.

█ Appellant also contends that the verdict of acquittal on the second count for the actual theft of the money is inconsist-

ent with the verdict of guilt of entering to commit larceny, and hence the conviction must be set aside. Assuming such inconsistency to exist, it does not affect the validity of the conviction on the first count, which must be regarded as if a separate indictment. Dunn v. United States, 284 U. S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161; United States v. Dotterweich, 320 U.S. 277, 279, 64 S.Ct. 134.

The order dismissing the petition is affirmed.

Affirmed.