## CURTIS v. HIATT.

### No. 9144.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 17, 1947.

Decided May 14, 1947.

William W. Curtis pro se.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., for appellee.

Before O'CONNELL and KALODNER, Circuit Judges.

O'CONNELL, Circuit Judge.

Petitioner appeals an order dismissing his petition for a writ of habeas corpus.

The allegations of petitioner are substantially as follows: On December 20, 1939, when petitioner was eighteen years of age, he was arrested in the Canal Zone on a charge of armed robbery of the Lower Salem Commercial Bank, Lower Salem, Ohio, in violation of Section 588b, Title 12, U. S. C., 12 U.S.C.A. § 588b. This was the first time he had been arrested. While he was being transported to Ohio in the custody of a United States Marshal, the marshal on several occasions advised him to plead guilty and intimated that he (the marshal) would "talk to the judge for him and get him off with a light sentence."

Petitioner was arraigned on June 12, 1940, at Columbus, Ohio. Asked whether he desired counsel, petitioner replied in the negative, and entered a plea of guilty. He was convicted and sentenced to imprisonment for twenty-five years, the maximum confinement permitted by the statute. No appeal is reported as having been taken.

. In 1945, while incarcerated in the United States Penitentiary at Lewisburg, Pennsyl-vania, petitioner learned for the first time that he could have been represented by counsel assigned by the court. He petitioned in forma pauperis for a writ of habeas corpus on June 15, 1945. The district judge, on August 20, 1945, issued a rule to show cause why the writ should not be granted. The warden replied with a recital of the record and an assertion that the record could not be contradicted in a collateral proceeding. Hearing was set for September 12, 1945.

Two days before the hearing, the court appointed a Harrisburg, Pennsylvania, attorney to represent petitioner at the hearing. The attorney at no time interviewed the petitioner, nor was petitioner advised of the appointment until one month after the hearing.[1] Petitioner was not present at the hearing. On September 18, 1945, the court discharged the rule to show cause and dismissed the petition for writ of habeas corpus. The opinion of the court briefly states that the Constitution permits an accused to plead guilty even though he has no counsel, and that the record showing no desire for counsel cannot be contradicted in a collateral proceeding. A petition for rehearing, submitted on December 11, 1945, was denied on December 17, 1945.

On December 28, 1945, petitioner filed the present petition for a writ of habeas corpus in the same court. This petition while based upon the same grounds, included allegations of fact not set forth in the first petition. On January 22, 1946, the district judge dismissed this petition as well. The court said: "The sole reason presented in this petition is that he was denied his constitutional right to counsel. This identical question was previously raised by the petitioner in a habeas corpus proceeding * * * and this court in such previous habeas corpus proceeding pointed out that such record could not be contradicted on a collateral proceeding such as in habeas corpus." The court added that a copy of the judgment, attached to the petition, would in itself be sufficient to determine that the petition was without merit.

---

[1] Copy of a letter written by the appointed counsel, included in the papers submitted by petitioner, indicates that his representation of petitioner was by no means spirited.

Actually, both the June 15, 1945, and the December 28, 1945, petitions contain two alleged grounds for issuance of the writ: (1) that the waiver of representation by counsel was ineffective, and (2) that the Lower Salem Commercial Bank was not a "bank" within the meaning of 12 U.S. C.A. § 588a. The district court failed to mention the latter ground in either opinion dismissing the petitions. Our holding on the former ground renders it unnecessary to discuss the question of the effect, if any, of proof that the Lower Salem Commercial Bank is not a "bank" included within 12 U.S.C.A. § 588a. We do wish to point out, however, that the jurisdiction of the federal court which tried petitioner in 1940 necessarily depended upon the Lower Salem Commercial Bank coming within that category; and a letter attached to the petition raises a doubt whether that jurisdiction existed.[2]

■ We believe that the question of representation by counsel may be raised in a habeas corpus proceeding, even if inquiry into that question entails contradiction of the record. This precise question was considered in Williams v. Huff, 1944, 79 U.S.App.D.C. 31, 142 F.2d 91. A youth of seventeen, on advice from a "layman," had pleaded guilty to an indictment charging assault with a deadly weapon. The record showed that he had been advised of his right to counsel and had replied that he did not desire representation. The court held that the record did not show that the waiver was competent and intelligent; that the petition effectually asserted the waiver was not; and that the plea of guilty was no exception to the rule that the issue raised by the petition must be decided.[3]

■ The facts of the case sub judice are at least as strong as those in Williams v. Huff, supra. Petitioner alleges that he was duped into waiving counsel and pleading guilty through the machinations of the government agent in whose custody he was placed. This allegation must be considered in conjunction with those of his youth and previous record. "It follows that the District Court should take evidence and determine whether, in the light of his age, education, and information, and all other pertinent facts, he has sustained the burden of proving that his waiver was not competent and intelligent." Williams v. Huff, 79 U.S.App.D.C. 31, 142 F.2d at page 92. See also Johnson v. Zerbst, 1938, 304 U.S. 458, 464, 465, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Walker v. Johnston, 1941, 312 U.S. 275, 288, 61 S.Ct. 574, 85 L.Ed. 830.

■ Moreover, in our view, no contradiction of the record on this question is involved. According to the copy of the Judgment and Commitment submitted for our perusal, the pertinent portion of the form reads as follows: "On this *20th* day of *June, 1940,* came the United States Attorney, and the defendant *William Waito Curtis* appearing in proper person, and 2 [sic] *being advised of his constitutional right to counsel and being asked whether he desired counsel replied that he did not* * * *."[4]

It immediately becomes apparent that the instructions contained in the footnote were not followed in the preparation of this particular judgment. The recital that petitioner was offered counsel *assigned by the court* is conspicuous by its absence. If petitioner did not know and was not advised of his right to assigned counsel, this consideration would be entitled to great weight in the determination of whether his waiver was competent.

---

[2] The letter, signed by the First Deputy Superintendent of Banks of the State of Ohio, states that the Lower Salem Commercial Bank holds no charter from the federal government and is not a member of the Federal Reserve System, and further remarks that it "never was permitted to use the title of 'national bank.' " The statute under which petitioner was convicted, however, includes those insured banks defined in 12 U.S.C. § 264(c), 12 U.S.C.A. § 264(c).

[3] One member of the court, going even further, said that he believed that, as a matter of law, a boy of seventeen cannot competently waive his right to counsel in a criminal case.

[4] The italicized words were typed into blank spaces provided in the printed form. Footnote 2 of the same form reads: "Insert 'by counsel' or 'having been asked whether he desired counsel assigned by the Court, replied that he did not,' whichever is applicable."

For the reasons stated, the cause is reversed and remanded to the district court for further proceedings not inconsistent with this opinion.