## CURTIS v. HIATT.

### No. 193.

District Court, M. D. Pennsylvania.
Nov. 20, 1947.

See also 74 F.Supp. 594.

William W. Curtis, pro se, and Earl J. Melman, of Harrisburg, Pa., for petitioner.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., and Charles W. Kalp, Asst. U. S. Atty., of Lewisburg, Pa., for Respondent.

WATSON, District Judge.

The Petitioner seeking release in this case is confined in the United States Penitentiary, Lewisburg, Pennsylvania, by virtue of a judgment and commitment of the United States District Court for the Southern District of Ohio, Eastern Division, dated June 20, 1940.

The Petitioner contends that, when he entered his plea in the District Court, he was not represented by counsel, did not know of his constitutional right to counsel appointed by the Court, and did not competently and intelligently waive this right. Therefore, he contends that his confinement is in violation of the Sixth Amendment of the Constitution and without authority of law.

The petition now before the Court, No. 193, was originally filed December 28, 1945. On January 22, 1946, the petition was dismissed by this Court, without hearing, on the ground that a copy of the judgment and commitment which was attached to the petition, showed on its face that the petition was without merit. An appeal was taken to the Circuit Court of Appeals for the Third Circuit, and, on May 14, 1947, that Court held that the record in this case was not conclusive, and that the

District Court should grant a hearing to determine whether in light of all the pertinent facts, the Petitioner had made a competent and intelligent waiver of the right to counsel. Curtis v. Hiatt, 1947, 161 F.2d 621.

In compliance with the direction of the Circuit Court hearings were held at Harrisburg, Pennsylvania on October 2, 1947, at which time Petitioner's testimony was taken, and at Lewisburg, Pennsylvania on October 15, 1947, at which time there was taken the testimony of Ray J. O'Donnell, United States Attorney for the Southern District of Ohio, who represented the Government at the time Petitioner was arraigned, entered his plea, and was sentenced in the District Court. Petitioner was represented by Earl J. Melman, Esquire, of Harrisburg, Pennsylvania at both the above mentioned hearings, who submitted briefs in behalf of the Petitioner. In Petitioner's petition and testimony, the Petitioner in substance alleged that, when he was arraigned and sentenced, he was not advised of his right to counsel by the Presiding Judge, or by any one else; that, at the time, he was eighteen years of age; that he had never been in Court before and that he did not know of his right to representation by counsel.

The testimony of Ray J. O'Donnell, Esquire, who represented the Government at the time Petitioner was sentenced, may be summarized by the following quotations from his testimony at the hearing on October 15, 1947:

"Q. Was anything said to Curtis at your suggestion, or by you as representing the Government, with reference to representation by counsel? A. Curtis was informed of the charges against him and he was asked by the Court if he had a lawyer and he said he had no lawyer. The Court asked him if he had money or means with which to employ a lawyer and he said he did not, and the Court said to him that it would, if he wished, appoint a lawyer for him to represent him. * * *

"Q. What did the Defendant, Curtis, have to say, if anything? A. He said he was guilty and didn't want a lawyer."

Counsel for the Petitioner lays considerable stress on the finding of this Court in United States ex rel. Nortner v. Hiatt, D.C.1940, 33 F.Supp. 545. It is true that the facts in this case are quite similar to those now under consideration. In the Nortner case, however, the record was completely silent as to representation by counsel, and the Government failed to present any evidence whatsoever with reference to this question. In the instant case, Petitioner's testimony is rebutted, not only by the record, but also by the testimony of the Government's attorney who presented the case before the District Court in Ohio.

Petitioner also cites Zeff v. Sanford, D. C., 31 F.Supp. 736, in connection with the testimony of Ray J. O'Donnell to the effect that he had discussed the case with the sentencing judge and believed that the judge would probably impose the maximum penalty. The facts in the Zeff case are entirely different from those in the case now under consideration. In the Zeff case, the judgment of the Court was arrived at in the absence of the Petitioner in a hearing at which the prosecuting attorney was present and presented his view, the Defendant not being represented. Furthermore, sentence was imposed in chambers, and not in open court. Both the record and the testimony of Ray J. O'Donnell in the instant case clearly show that the final judgment of the Court was arrived at in open court, and that the Petitioner's constitutional rights were carefully guarded.

The Petitioner was properly informed of his right to counsel appointed by the Court, and did competently and intelligently waive his right to assistance by counsel.

Now, November 20, 1947, the rule to show cause why a Writ of Habeas Corpus should not be issued is discharged, and the request of the Petitioner for a Writ of Habeas Corpus is denied.