594

## CURTIS v. HIATT.
### No. 207.

District Court, M. D. Pennsylvania.
Nov. 20, 1947.

See also 74 F.Supp. 592.

William W. Curtis, pro se, and Earl J. Melman, of Harrisburg, Pa., for Petitioner.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., and Charles W. Kalp, Asst. U. S. Atty., of Lewisburg, Pa., for respondent.

WATSON, District Judge.

This is a petition for the issuance of a Writ of Habeas Corpus by William W. Curtis. Petitioner is confined by virtue of a judgment and commitment entered after a plea of guilty to charges in an indictment charging armed robbery of the Lower Salem Commercial Bank, Lower Salem,

Ohio, in violation of Title 12 U.S.C.A. § 588b(a, b).[1] The Petitioner was sentenced to imprisonment for a period of twenty-five years.

A rule was issued upon the Warden, and the Petitioner was produced at the time set for hearing, at which time the Petitioner was present and was represented by Earl J. Melman, Esquire, of Harrisburg, who argued the motion, but who later conveyed his intention not to file a brief in support of the Petition.

The Petitioner contends that the Federal Law relating to bank robbery is unconstitutional, it being without the power of Congress to enact such a law and apply it to State Banks organized and operating under the laws and statutes of the State under which they are chartered.

This same contention was raised and disposed of in the similar case of Sanders v. Brady, D.C., 57 F.Supp. 87, with appropriate authorities therein cited, among them a quotation from the opinion in Westfall v. United States, 274 U.S. 256, 47 S.Ct. 629, 71 L.Ed. 1036, where the Court said: "And if a State bank chooses to come into the System created by the United States, the United States may punish acts injurious to the System, although done to a corporation that the State also is entitled to protect. The general proposition is too plain to need more than statement."

Evidence was introduced establishing that the Lower Salem Commercial Bank, Salem, Ohio, was at the time of the rob-

[1] 12 U.S.C.A. § 588b. "(a). Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank; or whoever shall enter or attempt to enter any bank, or any building used in whole or in part as a bank, with intent to commit in such bank or building, or part thereof, so used, any felony or larceny, shall be fined not more than $5,000 or imprisoned not more than twenty years, or both; or whoever shall take and carry away, with intent to steal or purloin, any property or money or any other thing of value exceeding $50 belonging to, or in the care, custody, control, manage-

ment, or possession of any bank, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or whoever shall take and carry away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $50 belonging to, or in the care, custody, control, management, or possession of any bank, shall be fined not more than $1,000 or imprisoned not more than one year, or both. (b) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both."

bery an insured bank under the provisions of Section 12B of the Federal Reserve Act, 12 U.S.C.A. § 264. This places the bank involved within the definition of those protected by the statute under which Petitioner was indicted. This is referred to because of the peculiar insistence of the Petitioner in filing Habeas Corpus proceedings upon every conceivable ground. The question, whether the bank was an insured bank, was raised collaterally, and it is the purpose of this Court to dispel any doubt which may have arisen in the mind of the Petitioner. Now, November 20, 1947, the rule to show cause why a Writ of Habeas Corpus should not be granted is discharged, and the prayer of the petition that a Writ of Habeas Corpus issue is denied.