CURTIS v. HIATT.

No. 9551.

Circuit Court of Appeals
Third Circuit.

Submitted May 3, 1948.

Decided Aug. 31, 1948.

Arthur A. Maguire, of Scranton, Pa., and Charles W. Kalp, of Lewisburg, Pa., for appellee.

Before McLAUGHLIN, and O'CONNELL, Circuit Judges, and RODNEY, District Judge,

O'CONNELL, Circuit Judge.

We set forth much of the background of the instant appeals in a recent opinion, 1947, reported at 161 F.2d 621. Petitioner pleaded guilty to a charge of armed robbery of a bank. Judge Underwood, of the District Court for the Southern District of Ohio, sentenced him to imprisonment for twenty-five years, the maximum confinement permitted by the statute involved, 18 U.S.C.A. § 2113. Thereafter petitioner filed pro se, about six months apart, two petitions for the issuance of a writ of habeas corpus. The substance of these petitions was to allege that (a) a United States Marshal, in whose custody petitioner was placed after apprehension, intimated to petitioner that, if petitioner pleaded guilty, the marshal would "talk to the Judge for him and get him off with a light sentence"; and (b) petitioner was not advised prior to trial that he could be represented, without cost to him, by a court-appointed counsel.

The court below dismissed the first petition after a hearing at which petitioner was not present, and dismissed the second petition on the ground that the ruling on the first petition was dispositive of the second petition as well. In his appeal to this court, petitioner added the allegation that he was only eighteen years of age when he was apprehended. We held that a habeas corpus proceeding could inquire into the question of representation by counsel, even if contradiction of the record was entailed, and that the record before us in any event did not refute petitioner's allegation that he had not been offered court-appointed counsel. Further, we noted that the record raised some doubt whether the institution from which the money was taken was a "bank" within the meaning of 18 U.S.C.A. § 2113. Reversing the order of the court below, we remanded the cause for the adducing of evidence and the determination of whether "in the light of his age, education, and information, and all other pertinent facts, he [petitioner] has sustained the burden of proving that his waiver was not competent and intelligent." 161 F.2d at page 623.

About four months thereafter, petitioner filed in the court below a third petition for issuance of the writ. In this petition, he asserted that the statute involved is unconstitutional, at least insofar as it purports to extend its coverage to those banks defined in 12 U.S.C.A. § 264(c), within which group petitioner concedes the bank in question falls.

The court below then held hearings on October 2, 1947, and October 15, 1947. Petitioner and an attorney representing him were present on both occasions.

The first of these hearings may be summarized as follows: Petitioner testified that he was eighteen years of age when the robbery occurred;[1] that the marshal did say he would ask Judge Underwood to impose a "light" sentence; that Judge Underwood asked whether petitioner had an attorney, but did not ask either whether petitioner had funds to employ an attorney or whether petitioner wanted him to appoint one; that petitioner had never before been in a court room and did not appreciate the seriousness of the crime charged, but did know he was "expected to tell the truth"; and that petitioner had completed the eigth grade in school. Counsel for the government informed the court below that the marshal whose conduct petitioner had criticized was no longer alive. Petitioner was asked whether he knew he could be again arraigned on the indictment, if his habeas corpus petition

---

[1] "* * * a 'juvenile' is a person seventeen years of age or under * * *." Act of June 16, 1938, c. 486, § 1, 52 Stat. 764. See 18 U.S.C.A. § 5031 and Reviser's Note.

The court below volunteered the remark that petitioner's age had not been called to his attention in the prior habeas corpus proceedings.

was successful.[2] The court below inquired into petitioner's reasons for seeking to have him withdraw from hearing the case on remand. Finally, by mutual consent of counsel, the legal question of the constitutionality of the statute involved was submitted on briefs.

The second of the hearings warrants greater detail. As its sole witness, the government produced one O'Donnell, a former Assistant United States Attorney for the Southern District of Ohio, who had represented the government when petitioner pleaded guilty. Pertinent parts of his testimony were as follows:

"Q. Were you present in Court when the petitioner, William Watto Curtis, was arraigned in order to plead? A. Yes, I was.

"Q. Will you state what happened at that time specifically with reference to Curtis' representation by counsel when he was asked to plead? A. If I may *preface* my answer to your question, it is a fact that in this case, as in most cases, *the case was discussed with me before the boy was sentenced. I knew the penalty to be imposed was a very severe one.* I think the statute provides for a sentence of from ten to twenty-five years. *The Judge discussed the facts of the case and I saw that the Judge was going to impose the maximum sentence of twenty-five years, and Curtis was brought before the Court and entered a plea of guilty.* (Emphasis supplied.)

\* \* \* \* \* \*

"Q. Was anything said to Curtis at your suggestion, or by you as representing the government, with reference to representation by counsel? A. Curtis was informed of the charges against him and he was asked by the Court if he had a lawyer and he said he had no lawyer. The Court asked him if he had money or means with which to employ a lawyer and he said he did not, and the Court said to him that it would, if he wished, appoint a lawyer for him *to represent him.*

\* \* \* \* \* \*

"Q. What did the defendant, Curtis, have to say, if anything? A. He said he was guilty and didn't want a lawyer."

Filing two separate opinions, the court below thereafter denied the petitions. The court below found that (1) "the Petitioner was properly informed of his right to counsel appointed by the Court, and did competently and intelligently waive his right to assistance by counsel"; and (2) the statute involved is constitutional. These opinions are reported at 74 F.Supp. 592, 593, and 594, D.C.M.D.Pa.1947.

We have carefully considered the arguments advanced by petitioner with reference to the validity of 18 U.S.C.A. § 2113 when applied to insured banks. While we are impressed by the eloquence of his presentation, we nevertheless believe his attack must fail. As was pointed out in the second of the two opinions of the court below, 74 F.Supp. at page 594, the Supreme Court has clearly indicated in Westfall v. United States, 1927, 274 U.S. 256, 258, 47 S.Ct. 629, 71 L.Ed. 1036, that inclusion of insured banks within the provisions of 18 U.S.C.A. § 2113 does not fall afoul of the federal Constitution. Sanders v. Brady, D.C.Md.1944, 57 F.Supp. 87, 92, 93. The disposal of habeas corpus petition No. 207, 74 F.Supp. 594, by the lower court was therefore proper and must be affirmed.

Likewise, O'Donnell's testimony furnished sufficient basis for the finding of the court below that petitioner when arraigned was offered court-appointed counsel.

This leaves the question whether, under the circumstances, petitioner met his burden of proving that his waiver of counsel was not competent and intelligent, and whether "the disadvantage from absence of counsel, when aggravated by circumstances showing that it resulted in the prisoner actually being taken advantage of, or prejudiced, does make out a case of violation of due process." Townsend v. Burke, 1948, 334 U.S. 736, 68 S.Ct. 1252, 1254.

The excerpts from O'Donnell's testimony quoted in our recital of the facts disclose that in advance of the time when petitioner was "brought before the Court and entered a plea," Judge Underwood and the Assistant United States Attorney "discussed the facts of the case." There is no indication

---

[2] See 39 C.J.S., Habeas Corpus, § 104b (1).

whether this discussion took place in open court or elsewhere; nor whether petitioner, who was without representation by counsel, was present at the discussion or was advised of the situation. See 23 C.J.S., Criminal Law, § 987a, page 338. We do know that the nature of the discussion was such that O'Donnell "saw that the Judge was going to impose the maximum sentence of twenty-five years." The record leaves uncertain whether petitioner was fully aware of the situation when he waived counsel and entered his plea.

In determining whether or not petitioner was granted due process, it was essential, once O'Donnell testified concerning the discussion prior to arraignment, to inquire further into the nature and circumstances thereof, in the light of petitioner's youth, his limited education, his lack of a previous criminal record, and other pertinent facts. Without the benefit of such information, the court below lacked the necessary foundation for determining whether, under the circumstances, petitioner's plea and waiver were competent and intelligent.

The judgment of the court below in habeas corpus No. 193, 74 F.Supp. 592, must accordingly be reversed, and the cause remanded for further proceedings in conformance with this opinion.