**CURTIS v. HUMPHREY, Warden.**

**No. 193.**

United States District Court
M. D. Pennsylvania.
July 7, 1949.

William W. Curtis, pro se.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., Charles W. Kalp, Asst. U. S. Atty., Lewisburg, Pa., for respondent.

WATSON, Chief Judge.

William W. Curtis, the Petitioner here, was indicted on June 7, 1940, in the United States District Court for the Southern District of Ohio, Eastern Division, charged with bank robbery. It was charged in the indictment that William W. Curtis, on or about July 29, 1939, in the Village of Lower Salem, County of Washington, Ohio, did then and there by force and violence take from the presence of certain officers and employees of the Lower Salem Commercial Bank funds and money in the possession, care, custody, and control of said bank in the amount of $1,888.00. Curtis was arrested on December 20, 1939, in the Panama Canal Zone and was arraigned on June 13, 1940, before Judge Mell G. Underwood in the above mentioned Ohio Federal Court, at which time he entered a plea of guilty as charged in the indictment, and sentence was deferred until June 20, 1940, when he was sentenced by Judge Underwood to twenty five years. He is now eligible to make application for parole. The judgment and commitment reads, in part, as follows: " * * * being advised of his constitutional right to counsel and being asked whether he desired counsel replied that he did not."

While incarcerated under this judgment and commitment at the Lewisburg Penitentiary, Curtis filed on June 15, 1945, Petition No. 186, In Forma Pauperis, for Writ of Habeas Corpus, contending that his rights were violated when counsel was not appointed to represent him, even though a plea of guilty was entered.

This Court issued a rule to show cause why the writ should not be granted, and, after answer to the rule by the Warden, hearing was fixed for September 12, 1945, at Harrisburg. At this hearing, Petitioner was not present, but was represented by court appointed counsel. This Court, on September 18, 1945, discharged the rule to show cause on the ground that the record, which showed no desire for counsel, could not be contradicted. A Petition for Rehearing, filed on December 11, 1945, was denied by this Court on December 17, 1945.

Curtis filed, on January 22, 1946, Petition No. 193, dated December 28, 1945, in Forma Pauperis for Writ of Habeas Corpus, in which he contends that, when he entered his plea of guilty in the Ohio Federal Court, he was not represented by counsel, did not know of his constitutional right to counsel appointed by the Court, and did not competently and intelligently waive this right, and that, therefore, his confinement is in violation of the Sixth Amendment of the Constitution of the United States and without authority of law. On the same day the Petition was dismissed by this Court without hearing, on the ground that a copy of the judgment and commitment, which was attached to the Petition, showed on its face that the Petition was without merit. An appeal was taken to the United States Court of Appeals for the Third Circuit, and, on March 14, 1947, that Court reversed this Court's Order of January 22, 1946, holding that the record in this case was not conclusive, and that the District Court should grant a hearing to determine whether, in the light of all the pertinent facts, the Petitioner had made a competent and intelligent waiver of his right to counsel. The opinion of the Court of Appeals also raised the question whether or not the Lower Salem Commercial Bank was a "bank" within the meaning of the Criminal Code, so as to give the sentencing court jurisdiction. Curtis v. Hiatt, 3 Cir., 161 F.2d 621.

Next Curtis filed on September 17, 1947 Petition No. 207 in Forma Pauperis for Writ of Habeas Corpus, alleging that 12 U.S.C.A. §§ 588a, 588b [now 18 U.S.C.A.

§ 2113] is unconstitutional when applied to state banks organized and operating under the laws of the state under which they are chartered, and also alleging that the Lower Salem Commercial Bank was a state bank in 1939. This Court issued a rule to show cause why the writ should not be granted, and, after answer to the rule by the Warden, hearing was fixed for October 2, 1947, at Harrisburg. At this hearing, and at a hearing continued therefrom, held on October 15, 1947, at Lewisburg, testimony was taken on the issues raised in Petition No. 207, as well as on the issues raised by the Court of Appeals in Petition No. 193. At these hearings, at which Petitioner was present and was represented by his own attorney, the Court heard the testimony of Curtis himself and that of Ray J. O'Donnell, who was the Assistant United States Attorney in the Southern District of Ohio on June 20, 1940, and who "took care of the Government's interest in the case" at that time.

On November 20, 1947, this Court discharged the rule to show cause in Petition No. 207, holding the Bank Robbery Statute, 12 U.S.C.A. §§ 588a, 588b, to be constitutional. 74 F.Supp. 594. This Court also discharged the rule to show cause in Petition No. 193, holding that Petitioner was properly informed of his right to counsel appointed by the Court and did competently and intelligently waive his right to assistance of counsel for his defense. 74 F.Supp. 592. Appeals from each of these judgments were considered by the United States Court of Appeals for the Third Circuit at the same time, and, on August 31, 1948, that Court affirmed this Court's judgment in Petition No. 207, with reference to the constitutionality of 12 U. S.C.A. §§ 588a, 588b, but reversed the judgment in Petition No. 193, and remanded the cause for further proceedings in conformance with the Opinion. 169 F.2d 1019, 1022. After the filing of the Mandate of the Court of Appeals in this Court on March 14, 1949, this Court held a hearing in compliance with the direction of that Mandate and opinion on April 29, 1949, at which hearing Petitioner was present and represented himself, stating: "I believe that I am more familiar with the case than an attorney, as you say, could become in a short while, and, therefore I am probably capable of proceeding myself." In remanding the cause, the Court of Appeals stated in its opinion: "In determining whether or not petitioner was granted due process, it was essential, once O'Donnell testified concerning the discussion prior to arraignment, to inquire further into the nature and circumstances thereof, in the light of petitioner's youth, his limited education, his lack of a previous criminal record, and other pertinent facts. Without the benefit of such information, the court below lacked the necessary foundation for determining whether, under the circumstances, petitioner's plea and waiver were competent and intelligent." At the hearing, Petitioner made a statement and questioned Assistant United States Attorney Charles Kalp, who represented the Respondent. The matter is now before the Court for disposition.

On June 28, 1949, after the hearing, and the testimony was all in, Honorable Mell G. Underwood, United States District Judge, Southern District of Ohio, who presided at the arraignment and sentence of the Petitioner, filed a certificate in the United States District Court for the Southern District of Ohio, to Criminal Docket of that Court No. 448, United States v. Curtis,[1] in which a statement was made under the provisions of 28 U.S.C.A. § 2245, in part, as follows: "(3) After the prisoner was returned to this District, the United States Marshal discussed with me the trip back from Panama with the prisoner and interceded with the Court for leniency for the prisoner. (4) I recall having conferred with the Assistant United States Attorney at length concerning the facts of the case before the prisoner was brought into Court. I further certify that I informed the prisoner of the crime with which he was charged advising that it was a serious offense; that he was entitled to counsel; that if he were unable to employ counsel, the Court would appoint counsel for him without cost to him. The Defendant answered that he did not want the Court to appoint counsel for

---

[1] No opinion for publication.

him. Thereupon the Court inquired of the prisoner if he was fully aware of the seriousness of the crime with which he was charged and of the probable consequences in the event of a plea of guilty, and the prisoner answered that he was. Upon the prisoner being advised fully by me of his constitutional rights of the appointment of counsel, and after prisoner stating that he was aware of the charges preferred against him and the consequences of his plea of guilty, and after the Defendant having stated that he did not want the Court to appoint counsel to represent him, the Court thereupon accepted the plea of guilty proferred by the defendant and thereupon pronounced sentence." On July 1, 1949, the respondent, George W. Humphrey, Warden, filed a motion in which the Respondent offered in evidence a certified copy of this certificate by Honorable Mell G. Underwood above referred to. This motion was granted on July 5, 1949.

From the record in the case and from the evidence, the Court finds the following facts:

1. When Petitioner was arraigned and entered his plea of guilty on June 13, 1940, and was sentenced on June 20, 1940, he was not represented by counsel. At these times Petitioner was offered counsel without cost to him, and was duly informed as to his constitutional right to counsel, but stated that he did not desire counsel.

2. Petitioner was born March 6, 1921, and was nineteen years old at the time he was arraigned, entered his plea, and was sentenced in June, 1940.

3. Petitioner completed the eighth grade in school.

4. Petitioner had never been in a court room before his arraignment in June, 1940; he had no knowledge of law, and he had no knowledge of Court procedure.

5. Petitioner had no criminal record prior to June, 1940.

6. After Petitioner was arrested in the Panama Canal Zone on December 20, 1939, and while he was being transported to Ohio in the custody of a United States Marshal, the Marshal, on several occasions, advised him to plead guilty, and intimated that he

(the Marshal) would "talk to the Judge for him and get him off with a light sentence."

7. In advance of the time when Petitioner was "brought before the Court and entered a plea", Judge Underwood and the Assistant United States Attorney "discussed the facts of the case", and the Assistant United States Attorney "saw that the Judge was going to impose the maximum sentence of 25 years." There is no evidence that this discussion took place in open Court. Petitioner was not present at this discussion, was not advised of the discussion, and had no knowledge of the discussion or what transpired in it at the time he waived counsel and entered his plea.

The Court reaches the following conclusions of law:

1. Even though a defendant in a criminal case in a Federal Court is informed as to his constitutional right to have counsel provided for him without cost to him, and states that he does not desire counsel, the circumstances may be such that he should be provided with counsel, notwithstanding, and such circumstances exist in this case.

2. Petitioner's disadvantage from absence of counsel was aggravated by circumstances showing that it resulted in his being taken advantage of and prejudiced, and, therefore, was a violation of due process of law. Const.Amend. 5. Townsend v. Burke, 1948, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690; and citation thereof in Curtis v. Hiatt, 3 Cir., 1948, 169 F.2d 1019.

3. Petitioner did not competently and intelligently waive his right to have the assistance of counsel for his defense.

4. Petition No. 193 for Writ of Habeas Corpus should be granted, and Petitioner should be released from confinement in the United States Penitentiary, Lewisburg, Pennsylvania.

NOW, July 7, 1949, it is ordered and decreed that William Watto Curtis be discharged from his present imprisonment in the United States Penitentiary, Lewisburg, Pennsylvania; provided, however, that George W. Humphrey, Warden of the United States Penitentiary, Lewisburg, Pennsylvania, shall notify the United States Attorney for the Southern District

973

of Ohio of the day and hour when he will discharge the said William Watto Curtis from imprisonment, and that such notice be given at least twelve days before the release of the prisoner. The Clerk of this Court is directed to mail certified copies of this Order to the United States District Judge and the United States Attorney for the Southern District of Ohio. This Order is entered without prejudice to further proceedings in the case of United States v. William Watto Curtis, No. 4488, Criminal Docket, United States District Court, for the Southern District of Ohio.