**UNITED STATES of America ex rel. Harry BALDRIDGE, Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, Respondent-Appellee.**

**No. 14766.**

United States Court of Appeals
Seventh Circuit.

April 7, 1965.

---

1. The place of arrest and of the first interview was also the location of some of the admitted parole violations.

Morrie Much, Chicago, Ill., Harry Baldridge, pro se, for petitioner-appellant.

William G. Clark, Atty. Gen., John J. O'Toole, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee, Richard A. Michael, Asst. Atty. Gen., of counsel.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Harry Baldridge, petitioner, has appealed from an order of the district court entered June 25, 1964, "denying his motion to reconsider findings on writ of habeas corpus".[1]

According to a memorandum order of the district court entered February 26, 1964, now before us, petitioner contended in that court that he was denied assistance of counsel when he pleaded guilty to charges of burglary and larceny in an Illinois court on April 22, 1941 and was sentenced to a term of one year to life in the penitentiary.

Neither at the time the orders of February 26 or June 25, 1964 were entered nor when, on October 16, 1963 his petition for habeas corpus was originally denied, was a hearing conducted by the district court affording petitioner an opportunity to introduce his own testimony or other evidence.

In this proceeding, petitioner has charged that he lacked assistance of counsel when he was arraigned on March 28, 1941, and that he had no assistance of counsel, on April 22, 1941, when he entered a plea of guilty and was sentenced for burglary and larceny of property valued at $26.[2] Being faced with trial without an attorney, according to petitioner, he had nothing to do but throw himself on the mercy of the court.

Attorney John B. Coppinger, Jr., was appointed at the time of the arraignment to represent petitioner and the clerk was told to write the attorney and inform him of the appointment and that the trial date had been set for April 24, 1941.

Thus, altho petitioner alleges that court-appointed counsel was not present when the plea and sentence were entered on April 22, 1941, it appears from a purported copy of an affidavit by attorney Coppinger, executed on November 12, 1947, that he interviewed petitioner on the morning of April 22, 1941 in the county jail and advised him to plead guilty; and also that he was present in court on April 24, 1941, and petitioner stated that he would plead guilty, whereupon the judge advised petitioner of his rights and he pleaded guilty and was sentenced in the presence of Coppinger; that the latter's memory regarding the facts had been refreshed by reference to his yearbook and diary and by a conference with Lt. Waller of the Alton Police Department and a reference to that department's records and files.

In the district court, by his petition for habeas corpus petitioner charged that attorney Coppinger testified in a 1945 habeas corpus proceeding[3] that he did not represent petitioner at his original trial, because the trial date had been set for April 24, 1941 and his reason for not being there was that the court had changed the date to April 22, 1941.

Petitioner relies on the affidavit of Mable Pappas, a resident of Aurora, Illinois, who swears that, on April 22, 1941, she attended the trial in question and

---

1. The notice of appeal appears on its face to have been made and executed on petitioner's behalf by the clerk of the district court.

2. This is corroborated by the record of the Illinois court, according to a copy of its mittimus attached to the original petition for habeas corpus herein.

3. Said proceeding seems to have been filed in an Illinois state court.

that no one spoke in behalf of Baldridge and he therefore had no attorney in court to represent him; that he was entirely without counsel.

In view of the foregoing, we are not satisfied that the finding of the district court that "the State court records which affirmatively show that counsel was appointed to represent petitioner" can be considered as a determination that petitioner was represented by that counsel or any other attorney when he entered a plea of guilty. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In view of all that we have referred to in this opinion, we are convinced that justice requires that the order from which this appeal was taken must be reversed and this cause remanded to the district court for a hearing at which all relevant evidence be heard, including the testimony of petitioner and such witnesses as he and his counsel may deem necessary.

We appointed attorney Morrie Much of the Illinois bar to represent petitioner in this court. We commend and thank Mr. Much for the able service he has rendered on behalf of petitioner.

Reversed and remanded with directions.