UNITED STATES of America ex rel.
Harry BALDRIDGE, Petitioner-
Appellant,

v.

Frank J. PATE, Warden, Respondent-
Appellee.

No. 15812.

United States Court of Appeals
Seventh Circuit.

Dec. 16, 1966.

Harry Baldridge, Morrie Much, Chicago, Ill., for appellant.

William G. Clark, Atty. Gen., of Illinois, Chicago, Ill., Richard A. Michael, Philip J. Rock, Asst. Attys. Gen., of counsel, for appellee.

Before SCHNACKENBERG, KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

On April 7, 1965, this court filed its opinion in a previous appeal by petitioner, reversing the district court's order "denying [the] motion to reconsider" the court's dismissal of Baldridge's habeas corpus petition. 343 F.2d 537 (7th Cir. 1965). This court's opinion stated the court was "not satisfied" that an adequate determination had been made in the district court that Baldridge was represented by counsel when he was convicted and sentenced to from one year to life imprisonment upon a plea of guilty to burglary and larceny of $26.00 in 1941. We stated that "justice required" the reversal and we remanded "for a hearing at which all relevant evidence be heard, including the testimony of petitioner and such witnesses as he and his counsel may deem necessary." Id. at 539.

Upon remand Baldridge's court-appointed attorney—who had also represented Baldridge on the appeal—entered into a stipulation with the State's Attorney General, without consent of Baldridge. Under the stipulation, "oral testimony" was waived as unnecessary and the issues were presented upon a 1954 state post-conviction Report of Proceedings, the affidavit of the 1941 state prosecutor of the Baldridge case, a certified copy of the criminal docket of the 1941 Baldridge trial and the pleadings, briefs and file in the district court together with whatever other evidence the district judge deemed necessary or appropriate for an "adequate hearing."

On the basis of the stipulated evidence the district court noted again the difficulty of deciding whether Baldridge was represented by counsel when convicted and sentenced in 1941. This is because the state court's record, and the state prosecutor's, support Baldridge's claim that he pleaded guilty and was sentenced on April 22, 1941, whereas John Coppinger, the attorney appointed to represent Baldridge, states, with support from his office diary, that he was not in court April 22, 1941, but was present and represented Baldridge on April 24 when the guilty plea was accepted and the sentence imposed. Furthermore, the state court records and state prosecutor's "office file" show that on April 24 the only proceeding in the Baldridge case was the *nolle prosequi* disposal of other indictments against Baldridge under an agreement made before April 22 between the prosecutor and Baldridge's appointed counsel.

The district court thought the "important issue" was not the actual date of plea and sentence but whether Baldridge was represented by counsel when the plea was entered and he was sentenced. The court then credited the affidavit and 1954 post-conviction proceeding testimony of attorney Coppinger and discredited the allegations in Baldridge's petition because he had been convicted of committing arson in 1958. The habeas corpus petition was denied and Baldridge has appealed pro se.

We are considering here the question of denial of "by far the most pervasive"[1] constitutional right of a defendant in a criminal trial, and if Baldridge was not represented by counsel when he pleaded guilty and was sentenced, he has been unjustly imprisoned. We are again "not satisfied" that the requirements of justice have been met. This is not to be read as reflecting upon either the district court or Baldridge's court-appointed counsel, both of whom have performed their functions well and generously. However, we think the hearing based on the stipulation, unconsented to, is an inadequate compliance with the mandate of this court's April 7, 1965, remanding order. In our view the resolution of the "important issue" on a credibility decision based on the stipulation leaves the issue clouded with uncertainty. We are impelled therefore to reverse the district court's judgment and again remand for hearing.

We direct a plenary hearing at the earliest possible time upon the "important issue" with respondent ordered to produce any available transcript of the 1941 proceeding at which Baldridge pleaded, was convicted and sentenced, together with mittimus, penitentiary records or any other records which could shed light upon the issue; with respondent ordered to produce as a witness at the hearing the 1941 state prosecutor of the Baldridge case and any other available witness whose testimony could be material on the issue; with a court-appointed attorney representing Baldridge; with a full opportunity to Baldridge to testify and issuance of any necessary order directing that he be produced in court; and with an opportunity to Baldridge to subpoena as a witness Mable Pappas and any other available witness whose testimony is deemed material on the issue. In view of the apparent failure so far of the state court records to determine the issue conclusively, Baldridge shall be absolved of any expense in connection with the hearing.

The district court order appealed from is reversed and the cause is remanded for a plenary hearing as directed.

SCHNACKENBERG, Circuit Judge (concurring).

The foregoing opinion by this court constitutes a practical way to belatedly give to Baldridge the benefits of the *Gideon* decision. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The showing made by the State

---

1. Schaefer, Federalism and State Criminal Procedure, 70 Harv.L.Rev. 1, 8 (1956), cited in Johnson v. State of New Jersey, 384 U.S. 719, 728, 86 S.Ct. 1772, 16 L. Ed.2d 882 (1966).

of Illinois to justify the imprisonment of this man since 1941 is replete with factual inconsistencies and requires the full authority of the district court in the plenary hearing now directed to the end that at this late date it be determined whether at the time he was sentenced he was actually represented by counsel. In the present state of the record it does not appear that he was so represented.